KRIENS, Appellant, v. McMILLAN, Respondent.

(173 N. W. 731.)

(File No. 4532.    Opinion filed August 15, 1919.    Rehearing denied
November 8, 1919.)

1.  Municipal Corporations—Negligence—Injury to Bicyclist by Auto
Driver—Speed, Vehicle Driver, Ordinance—Overtaking Cyc-
list—Erroneous Instruction re. Equal Application of Ordinance
to Parties, Impliedly Ignoring Plaintiff's Negligence—Abstract
Proposition.

In a suit to recover damages for injury by defendant auto
driver to plaintiff's ward, a boy of 12 riding a bicycle, and who,
while defendant was driving on a city street at a speed pro-
hibited by ordinance and who overtook the boy who with others
was cycling on the right side of the street, the boy, before
reaching that point on a branch street beyond which the ordi-
nance required him to circle while turning, having turned to the
left to cross the street,—turned to the left, struck a street
railway rail as his auto collided with the bicycle, resulting in
the injury complained of; the ordinance providing that an
overtaking vehicle shall pass to the left of the overtaken
vehicle, and that a vehicle shall not pass from right to left side
of street except upon street intersection; held, that an instruc-
tion which in part was to effect that the ordinance applied
with equal force to both parties, and that "the driver of an
auto is no more responsible for breaking said ordinance than is
the rider of a bicycle responsible for breaking the same ordi-
nance," is erroneous, and when standing alone would have
been erroneous and prejudicial, as its effect would have been
to advise jury that a mature man driving a 40-horse power
auto at a prohibited speed in coming from behind and passing
a youth of 12 riding a bicycle should be held only to the same
degree of care as the youth, wherein it consisted of an abstract
proposition of law without applying it to the facts; and that
when read with other portions of the instruction embodying
those and other phases of the ordinance, and of the facts,
Supreme Court concludes that the impression conveyed by the
portion excepted to was erased by other portions of the charge,
especially in that no instruction was given relative to the fact
that the turning into the side street was not necessarily negli-
gence on plaintiff's ward's part, the instruction as a whole is
held prejudicial.

2.  Negligence—Contributory—Overtaken  Cyclist  by  Motorman—
Right of Injured to Presume Motorman Not Exceeding Speed
Limit—Premature Turning by Cyclist in Customary Track,
Whether Negligence—Curbless Streets.

A cyclist who is unknowingly being overtaken by a motor-

man driving faster than speed limit, may presume mortoman is keeping within the limit; nor is the fact that cyclist turned to cross the street before reaching a point beyond which he by ordinance should have circled, necessarily evidence of his negligence; this where both streets in question were without curbs contemplated in ordinance.

3. **Trials—Instruction, Abstract Proposition Non-applied to Facts, Error—Making Jurors Judges of Law.**

The error of giving an instruction consisting of an abstract proposition of law without applying it to the facts of the case, is reversible error; and such instruction makes jury judges of both law and facts.

4. **Appeal—Error—Assignment of Error, Reference in to Wrong Specification of Error, Clerical Error, Immateriality of**

Where an assignment of error referred to specification of error No. 12 which related to another matter not argued, while the specification of error relating to the matter argued was No. 13 and was not assigned as error; such reference was purely a clerical error not misleading to respondent, where both sides argued the matter intended to be referred to.

5. **Evidence—Injury to Cyclist by Auto Driver—Evidence re Injury to Other Auto Occupant, Relevancy—Reference to in Opening Statements, Effect.**

In a suit to recover damages for injury to plaintiff's ward while riding a bicycle, by defendant's automobile, held, that evidence concerning injury to occupants of the auto other than defendant, and the death of one of them, resulting from the collision of the auto with the cyclist and with a street car rail, was irrelevant to the question of negligence.

6. **Same—Evidence that Auto Rolled and Righted Itself, Distance Passenger was Thrown, Relevancy—Unconsciousness of Defendant, Competency.**

Held, further, that evidence that auto rolled on its side and then righted itself after the accident, as well as evidence that a passenger riding with defendant was thrown some 30 feet; and defendant's testimony that as a result of the accident he lost consciousness, was competent.

Appeal from Circuit Court, Minnehaha County. Hon. Joseph W. Jones, Judge.

Action by Marvin Kriens, a minor, by H. Kriens, his guardian ad litem, against C. N. McMillan, to recover damages for injury to plaintiff's ward by defendant's automobile. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed and remanded.

Berdahl, Waggoner & Stordahl, for Appellant.

Boyce, Warren & Fairbank, for Respondent.

(1)   To point one of the opinion, Appellant cited:   29 Cyc.
460.

(4)   To point four, Respondentd cited:   Vol. 11, Enc. of
Evidence, Page 399; Stofer v. Harvey (Mo.) 204 S. W. 587;
Hertz v. Chicago Ry. Co. 154 Ill. App. 80; Sterns v. Evans
(Tex.) 111 S. W. 308; Rathbun v. White, 107 Pac. 309.

GATES, J.   Action for damages caused by a collision be-
tween plaintiff's bicycle and defendant's automobile.   Verdict and
judgment for defendant.   Plaintiff appeals.

The evidence tended to show the following state of facts:
Defendant was driving an auto east on the south side of Twenty-
Second street in the city of Sioux Falls, about 7:30 p. m., June 7,
1918.   In the seat with him was Mr. Frazier; in the back seat,
Messrs. Teigen and Munson.   The car was a super-six Hudson
weighing 3,200 pounds, rated at 40 horse power.   Ahead of them
were three boys on bicycles going in the same direction.   The
plaintiff, 12 years of age, in the lead.   A street car track runs
along the center of Twenty-Second street.   Glendale avenue is a
street running north from Twenty-Second street and ending at
Twenty-Second street.   Plaintiff's evidence tends to show that he
was turning in a northeasterly direction into Glendale avenue
along a well-traveled track leading to that avenue, and was un-
aware of the approach of defendant's car until just a moment
before he was struck and injured by it.   The place of injury was
sparsely settled and two miles from the center of town.   Defend-
ant testified that when he was at the distance of a block west of
the boys he blew the horn and that they lined up on the south
side of the road; that there was a hill between this place and
where the accident occurred; that there was a trolley pole on the
south side of the street car track 32 feet west of the west curb
line of Glendale avenue, and that the collision occurred 24 feet
east of the pole, or 8 feet west of the west curb line.   He also
testified that the collision occurred 32 feet west of the west street
line of Glendale avenue.   In regard to the accident he testified
as follows:

"When I got not quite to the first boy, this Kriens boy turned
out across the street.   I saw I was too close to go straight on

without hitting him. I also knew if I hit him and ran over him I would kill him. I could not turn to the right on account of the other two boys. I could not immediately turn to the left because I would run into that pole. The only way to save the boy was to turn the car to the north and left, which I did. As I turned and reached the street car track I struck the hind wheel of the boy's bicycle. Then in an instant the car stopped and turned over. I was unconscious the rest of the time until after I got into the hospital."

Mr. Teigen was thrown over plaintiff and 30 feet beyond, but was not seriously injured. Defendant was laid up for 4 weeks. Mr. Munson was confined to the hospital nearly 4 weeks. Mr. Frazier died from his injuries 10 days afterwards.

Defendant concedes that at the time he applied the brake he was going at the rate of 23 miles per hour. Mr. Teigen said 25 miles. Mr. Munson said from 23 to 25 miles. The evidence of plaintiff tended to show a considerably higher speed. The plaintiff was going about as fast as a boy can run; the defendant said about 12 miles an hour. The trial court instructed the jury as follows:

"Gentlemen of the jury, in this action the lad, Marvin Kriens, by his guardian ad litem brings suit against the defendant, C. N. McMillan, claiming to recover for personal injuries concerning which testimony has been submitted before you. The mere fact that the boy was injured by an automobile does not entitle him to recover. He can only recover in case the jury believe from all the testimony that that collision, resulting in some injury to him, was caused by negligent conduct on the part of the defendant in driving his automobile, and that the plaintiff himself was not guilty of any contributory negligence. A person driving an automobile in the streets is under obligation to exercise the care of an ordinarily prudent person in like circumstances and conditions. If he exercised the same care and prudence of an ordinarily prudent man in running that automobile, and notwithstanding his care some injury resulted, he is not responsible, and a verdict should not be rendered against him. Therefore, one of the principal questions, and really the principal question, for you to determine is whether, under all the facts and circumstances of the case, the defendant was exercising the care a reasonably prudent man

should exercise, under all the circumstances, in the driving of this automobile at that time. The traffic ordinance of the city of Sioux Falls provides:

"'It shall be unlawful for any driver to drive any motor vehicle upon the public streets, alleys, or public grounds in the city of Sioux Falls at a greater rate of speed than fifteen miles per hour, and in turning corners from one street to another street or crossing intersections, the rate of speed shall not exceed eight miles per hour.'

"Further: 'Any horse, vehicle, or motor vehicle overtaking another shall pass to the left and shall not pull over to the right until entirely clear of the overtaken horse, vehicle, or motor vehicle; but as soon as entirely clear, the overtaken horse, vehicle, or motor vehicle shall pull over as close to the right-hand curb as practicable.'

"Further: 'A horse, vehicle, or motor vehicle turning into a street to the right shall turn the corner as near the right-hand curb as practicable. A horse, vehicle, or motor vehicle turning into a street to the left shall, before turning, pass around the center of the intersection of the two streets. The driver of a vehicle about to turn shall give timely signal by hand or whip or by some other unmistakable manner to indicate the direction of the turn.'

"Further: 'It shall be unlawful for any horse, vehicle, or motor vehicle to be driven, operated, or allowed to stand on the left-hand side of the center of the street, and such horse, vehicle, or motor vehicle shall keep over as near as practicable to the right-hand curb, so as to leave the center of the street free and open for overtaken traffic. The slower the speed of the traffic, the closer to the right-hand curb shall it move.'

"Further: 'It shall be unlawful for any horse, vehicle, or motor vehicle to cross over from the right-hand side of the street to the left-hand side, except upon the intersection of said street with another street, and in so turning such horse, vehicle, or motor vehicle shall pass around the center of said intersection.'

"*This ordinance applies with equal force to the defendant in this case, who was driving the automobile and to the plaintiff, who was riding his bicycle, upon the same street, and the driver of an automobile is no more responsible for breaking said ordinance*

*than is the rider of a bicycle responsible for breaking the same
ordinance.* The traffic ordinance providing that a motor vehicle
shall not be driven upon the public streets of the city of Sioux
Falls at a greater rate of speed than 15 miles per hour is not in
itself conclusive evidence that the defendant was negligent if he
exceeded that speed. The location where the auto was driven, the
surroundings, the density of the population at that place, and the
number of people and vehicles traveling upon the streets at the
time must be taken into consideration, together with the speed
limit as fixed by the ordinance, in determining whether the de-
fendant was driving at a negligent and dangerous rate of speed
at the time. The jury are to determine whether or not the de-
fendant was negligent in driving his automobile at a dangerous
and reckless rate of speed under all the circumstances. If the jury
think the defendant was negligent, then it is for the jury to de-
termine, further, whether or not plaintiff in this case was himself
negligent. Because it is the law of this state, as of other states,
that where both parties are negligent, where the action of both
parties contribute to an injury, and both parties are negligent,
that neither one can recover against the other. So in this case.

"If the plaintiff in this action, who was riding the bicycle, did
not obey the ordinance which I have just read and was himself·
negligent in not obeying the same, and his negligence contributed
to his injury, then he cannot recover in this action, because his
own negligence having contributed to the accident will bar his
recovery. If you find that the defendant in this action was neg-
ligent on account of driving at a rate of speed over 15 miles an
hour, or was negligent in any other manner, then he would be
liable for the injury caused the plaintiff, unless the plaintiff was
himself also negligent and his negligence contributed to the injury.
If you find both the plaintiff and defendant were negligent, and
that the negligence of each contributed to the injury of the plain-
tiff, then the plaintiff cannot recover and your verdict should be
for the defendant. A boy of 12 or 13 years of age, in sound
mental and physical condition, and who has had the education and
experience and general knowledge that the plaintiff in this action
shows that he has had, must be held responsible for the use of
such reasonable prudence and caution as an ordinary person of
his age, experience, and mental and physical condition ordinarily

exercises; and if he does not use such reasonable care for his own safety and is injured because of his lack of such care, he is guilty of contributory negligence and cannot recover in this action.

"Gentlemen, you have heard all the testimony in the case, as well as argument of counsel. You are the judges of the credibility of the various witnesses and the weight of the evidence. You are not only to determine the actual facts existing at the time, but it is for you to determine the question of negligence; whether or not the defendant was negligent in the management and care of his automobile by driving ·at an excessive rate of speed or otherwise. It is for you to determine also whether the plaintiff was guilty of contributory negligence that contributed to the injury; bearing in mind the age of the plaintiff and his knowledge and experience in life, and bearing in mind the instructions heretofore given you that he is also bound to exercise that degree of care for his own safety that a person of his age, mental development, and experience ordinarily exercises. Now, gentlemen, after considering the case fully in all its details, if you find for the defendant your verdict will be simply for the defendant. If you find for the plaintiff, you are to determine what should be his damages. He is entitled, if you find for him at all, to such reasonable sum of money as would fairly compensate him for the pain and suffering he endured and for injury he may have sustained, so far as you can determine from the evidence any injury he sustained. You are not to give compensation for any possible effects that are not clearly shown to exist or to have occurred."

[1, 3] The plaintiff excepted to the italicized portion of the charge.. It clearly appears that defendant was violating the speed ordinance. It also clearly appears that plaintiff violated the ordinance in not going beyond the intersection of the two streets before turning· north. The italicized portion of the instruction, if it had stood alone, would have undoubtedly been erroneous and prejudicial, as the effect would have been to advise the jury that a mature man, driving a 40 horse power auto ·at the speed of at least 23 miles an hour, in coming from behind and passing a youth of 12 years riding a bicycle, should be held only to the same degree of care as the youth. The error of giving an instruction consisting of an abstract proposition of law without ap-

plying it to the facts of the case was held reversible error in Sullivan v. Lyons, 31 S. D. 189, 140 N. W. 255, Ann. Cas. 1915D, 1125. In the annotations in the last-named publication there is quoted the following from a Kentucky case (Western Kentucky Coal Co. v. Davis, 138 Ky. 669, 128 S. W. 1074) :

"They are so general and abstract in form as to make the jury the judges of both the law and the facts."        .        .

We think that quotation is an apt criticism of the instructions before us.

After many careful readings of the instructions we cannot escape the conclusion that the impression conveyed by the portion excepted to was not erased by other portions of the charge. Granting that defendant used every possible effort to save the life of plaintiff as soon as he discovered the peril, yet he had no business to be traveling past the boys at the rate of 23 miles per hour. Was it not clearly defendant's negligence that caused the condition of peril to become possible? If, as a matter of fact, the plaintiff did not know of the approach of defendant, he had the right to assume that any possible traveler would not be approaching him at a speed to exceed 15 miles per hour (the speed allowed by the ordinance), nor, in our opinion, was he necessarily negligent in turning into Glendale avenue at a point west of the center of the intersection, provided he was following the customary track into that street. Neither street actually had a curb; the curb line was theoretical. The impression that we get from the instructions as a whole, and which we think the ordinary juror would get, is that plaintiff was negligent because he violated the ordinance, while the defendant was not necessarily so. The court very carefully told the jury that a violation of the speed ordinance by defendant was not necessarily negligence. He did not tell the jury that the violation of the ordinance relative to turning into Glendale avenue was not necessarily negligence. Substantially the same reasons advanced by the court to show that the violation of the speed ordinance was not negligence ought to have been given on behalf of plaintiff's violation of the other ordinance. Counsel for defendant say that plaintiff did not request any such instruction, and therefore the failure of the court to so instruct was not error. That is ordinarily so. Prudence on the part of plaintiff's counsel would have caused a request for such an instruction. Except for the

prejudicial portion of the instructons we would not be called upon to say anything about this. The point we are now emphasizing is that the charge, taken as a whole, did not remove the unfair impression created by the italicized portion, especially as no instruction was given with reference to the fact that turning into Glendale avenue was not necessarily negligence on the part of the plaintiff. Technically, we should not consider appellant's exception to the instruction. His assignment of error in this behalf refers to specification of error No. 12, which related to another matter not argued by him, while the specification of error relating to this matter was numbered 13, and was not assigned as error. We think this was purely a clerical error which did not mislead respondent, and as both sides have argued this matter we overlook the technicality.

[4, 5] Appellant also assigns as error the admission of evidence touching the injury of the occupants of the automobile and the death of Mr. Frazier claiming that it created sympathy for defendant in the minds of the jury, and that such evidence had no bearing upon the question of negligence. Appellant may not be heard to raise this objection after his counsel mentioned these things in their opening statement to the jury, but in view of a possible further trial we feel it our duty to state that the evidence objected to was not relevant to the question of negligence, nor should counsel for respondent have commented upon those matters in their statement to the jury except for the fact that appellant's counsel had done so. The fact that the auto rolled over on its side and then righted itself was relevant upon the question of speed. The distance Mr. Teigen was thrown was likewise relevant to that question, but the extent of the injuries of the other two occupants of the car and the death of Mr. Frazier were not. It was also competent for defendant to testify, as he did, that he lost consciousness.

The judgment and order appealed from are reversed.