Williams v. Black.

C. E. WILLIAMS *et ux. v.* EDGAR NEWSUM BLACK (two cases).*

(*Jackson.* April Term, 1922.)

1. **MUNICIPAL CORPORATIONS.** Motorists must exercise ordinary care to avoid injuries to minors unlawfully on streets.

Motorists and others will not be relieved of the obligation of ordinary care to avoid injuries to minors on the streets, though such minors are themselves violating the law.   (*Post, pp.* 333, 335.)

Case cited and approved: Chattanooga Railway & Light Co. v. Bettis, 139 Tenn., 332.

2. **MUNICIPAL CORPORATIONS.** Plaintiff's failure to keep vigilant lookout held not to defeat recovery as matter of law.

In an action for injuries received in a collision with an automobile when defendant made an unlawful turn around a corner, whether plaintiff's failure to keep a vigilant lookout was proximate contributory negligence to defeat his suit *held* properly submitted to the jury.   (*Post, pp.* 335, 336.)

3. **MUNICIPAL CORPORATIONS.** Whether minor was contributorily negligent question for jury.

Whether plaintiff minor, going west on a motorcycle, was guilty of contributory negligence in not anticipating that defendant motorist, going east, would violate the law by making an unlawful turn into a street by cutting the northwest corner was a question for the jury.   (*Post, pp.* 335, 336.)

Case cited and distinguished: Railway Co. v. Hull, 88 Tenn., 33.

4. **PARENT AND CHILD.** Giving minor son motorcycle to use on streets contrary to city ordinance held contributory negligence of father.

Act of a father in buying for his minor son a motorcycle to be used on the streets, contrary to a city ordinance, *held* contributory neg-

---

*On reciprocal duty of driver of automobile and children in street see notes 17 L. R. A., 79; 26 L. R. A. (N. S.), 435; 51 L. R. A. (N. S.), 990; L. R. A., 1917F, 10; 1918A, 245 and 14 A. L. R., 1183.

Williams v. Black.

ligence, which the jury should consider in mitigation of any re-
covery in an action by the father for loss of services. (*Post,
pp.* 336, 337.)

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the
Court of Civil Appeals, and by *certiorari* to the Court of
Civil Appeals from the Supreme Court.—HON. BEN L.
CAPELL, Judge.

EDWARD B. FLOWERS and J. P. M. HAMNER, for plaintiff.

JOHN EXBY and WILSON & ARMSTRONG, for defendants.

MR. JUSTICE GREEN delivered the opinion of the Court.

The first of the above-styled suits was brought by Edgar
Newsum Black to recover damages for personal injuries
sustained in a collision between a motorcycle which he
was riding and an automobile owned by the defendants
C. E. Williams and wife, and operated by Mrs. Williams
at the time of the accident.

The second suit was brought by F. N. Black, the father
of Edgar Newsum Black, against the same defendants to
recover damages for loss of the services of his son, medical
attention, etc.

There was a verdict and judgment in favor of the plain-
tiff in the boy's suit, which was affirmed by the court of
civil appeals. There was a verdict and judgment in favor
of defendants in the father's suit, which was reversed by
the court of civil appeals, and that case remanded for a

new trial. Petitions for *certiorari* have been filed by the losing parties in the court of civil appeals, which we have granted, and the cases have been fully argued here.

The accident occurred at the corner of Union avenue and Claybrook street, in the city of Memphis. Union avenue runs east and west. Claybrook street runs into Union avenue from the north and stops there. Edgar Newsum Black was going west on Union avenue on his motorcycle. Mrs. Williams was going east on Union avenue in the automobile, and undertook to turn north into Claybrook street at the time Black was crossing that street, and the automobile struck the motorcycle at the mouth of Claybrook street.

The plaintiff's proof, so far as it is necessary to state it, tended to show that, in making the turn from Union avenue into Claybrook street with her automobile, Mrs. Williams did not go east of the center of the intersection of the two streets, and turn into Claybrook street on the east or right-hand side, but she cut the northwest of Union avenue and Claybrook street, and ran into the motorcycle about six feet from the west curb of Claybrook street, and after the motorcycle had passed the center of Claybrook street.

Certain ordinances of the city of Memphis are relied on by the plaintiffs and by the defendants, and were duly pleaded. The two ordinances which control this controversy are as follows:

"A vehicle in turning to the left into another street, shall pass to the right of and beyond the center of the street before turning."

"No person under the age of sixteen years shall drive or operate any motor vehicle on any street in the city of Memphis."

The Black boy was not sixteen years of age at the time he was hurt. He had been promised a position with the delivery department of the Memphis post office. It was necessary for him to have a motorcycle in connection with this work. His father had bought one for him about two weeks before the accident, and the proof tends to show that he had learned to operate it with ordinary skill. He was between fifteen and sixteen years of age.

Conceding in this court that there was material evidence of negligence on the part of the defendants, their counsel insists that both plaintiffs were guilty of such contributory negligence as to bar any recovery by them.

It is first urged that the operation of this motor vehicle by the boy at the time he was hurt, in violation of the city law, proximately contributed to his injury, and prevents any recovery by him. It is true as a general proposition that the violation of a statute or ordinance designed to prevent an accident complained of is of itself a sufficient cause of action. It is also true that the violation of such an ordinance by an injured plaintiff under such circumstances will often be held proximate contributory negligence, and bar his recovery. *Chattanooga Railway & Light Co.* v. *Bettis,* 139 Tenn., 332, 202 S. W., 70, and cases cited.

We noted in the case just cited that this rule is not one of invariable application, citing Thompson on Negligence (2d Ed.), section 12.

A humane public policy deters us from too great a weakening of the safeguards that the law throws around children. We would not be satisfied to relieve motorists and others of the obligation of ordinary care to avoid injuries to minors on the streets, even though such minors were themselves violating the law.

---

Williams v. Black.

---

The trial judge was of the opinion that the operation of this motorcycle by the injured boy, while unlawful, and therefore negligent, should be treated as remote rather than proximate negligence. Entertaining this view, his honor required a remittitur in the judgment entered of part of the amount fixed by the verdict. We think this was a sound disposition of the matter.

It is next insisted that, according to the boy's own testimony, he did not see the automobile of defendants until it struck him. This shows, it is said, that the boy was not keeping a lookout, and it is argued that this failure to keep a vigilant lookout was proximate contributory negligence such as to defeat his suit.

The fault of this contention is the assumption that such a lookout as the law requires would have inevitably prevented the accident.

The accident happened at a crossing where the parties had reciprocal rights too well established to require discussion. If the boy had seen the automobile as he entered the crossing, could he have anticipated that Mrs. Williams would violate the law, cut the northwest corner, and turn up the west side of Claybrook street? Had she made a lawful turn, he would easily have cleared her car. Could he, having entered the crossing, have avoided the collision after it became apparent that Mrs. Williams was turning up the west side of Claybrook street?

We think these questions are certainly debatable. The trial judge submitted all the contentions of the defendants to the jury, and fully instructed the jury as to the effect of proximate and contributory negligence. This was proper.

In *Railway Co.* v. *Hull,* 88 Tenn., 33, 12 S. W., 419, this court, quoting 2 Wood's Railway Law, sections 1354, 1355, said:

"But if the damage is not the necessary or ordinary or likely result of such contributory negligence, but is due to some wholly unlooked for and unexpected event, which could not reasonably have been anticipated or regarded as likely to occur, such contributory negligence is too remote to be set up as a bar to the action."

It may be plausibly said in this connection that the accident was due to a "wholly unlooked for and intercepting event," namely, the unlawful turn made by the automobile. At any rate it was for the jury to decide as to whether there was proximate contributory negligence with reference to the lookout.

In the father's case the trial judge left it to the jury to say whether he acted with ordinary care in furnishing his boy a motorcycle to ride on the streets of the city in violation of the law, and made the father's right to recovery depend upon the jury's finding on this issue. Under this instruction the jury found against the father and returned a verdict for defendants.

The court of appeals held such instruction erroneous, on the theory that, although the father might have been negligent in giving this machine to his boy, such negligence did not proximately contribute to the accident.

The conclusion of the court of civil appeals no doubt logically follows the conclusion that the operation by the boy of the motorcycle did not bar his suit. The boy had reached the age of accountability, and we could not exonerate him of proximate negligence and at the same time hold the father guilty of such negligence. Both parties be-

Williams v. Black.

ing responsible, the operator of the machine is not less guilty than he who furnished the machine for unlawful operation, leaving out of consideration the relative years of the parties.

While, therefore, we agree with this reasoning of the court of civil appeals, nevertheless the act of the father, a man of mature age, in buying a motorcycle to be used by his boy in the violation of this salutary ordinance was reprehensible, and it should be plainly charged as contributory negligence on the next trial and go in substantial mitigation of any recovery he may obtain.

For the reasons stated, the judgments of the court of civil appeals in both cases will be affirmed.