## EARL P. HACKERT v. CHARLES R. PRESCOTT.[1]

November 20, 1925.

No. 24,878.

**Contributory negligence of boy on bicycle question for jury.**

A seven year old boy rode his bicycle across a paved alley and was injured by an automobile coming out of the alley. Immediately prior to the accident the boy rode the bicycle on the sidewalk in violation of the city ordinance. *Held* that the boy was not guilty of contributory negligence as a matter of law, but that the facts presented a question for the jury.

\* See Motor Vehicles, 28 Cyc. p. 49; Negligence, 29 Cyc. pp. 437, 642.

See notes in 28 L. R. A. (N. S.) 944; L. R. A. 1918A, 255; 2 R. C. L. p. 1187; 1 R. C. L. Supp. p. 725.

Action in the district court for Ramsey county to recover for personal injuries sustained by plaintiff's minor son. The case was tried before Boerner, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from the judgment. Affirmed.

*Barrows & Metcalf,* for appellant.

*T. D. Sheehan,* for respondent.

WILSON, C. J.

Plaintiff was given a verdict for $1,000. Defendant's motion to dismiss at the close of plaintiff's case was denied. His later motion for a directed verdict was also denied. He now appeals from the judgment entered after his motion for judgment notwithstanding the verdict was denied.

This action to recover for personal injuries is prosecuted by the mother for the benefit of her 7-year old son. The boy rode a bicycle southerly along the westerly side of Victoria street in St. Paul.

[1] Reported in 205 N. W. 893.

Defendant drove his automobile easterly from a paved alley into Victoria street and as he entered upon the cross walk in the alley the right front wheel of the automobile struck the rear wheel of the boy's bicycle. The boy was thrown from his bicycle and injured his knee upon a stone. Riding the bicycle on the sidewalk in approaching the alley was in violation of a city ordinance.

Appellant contends that, as a matter of law, the boy's violation of the ordinance contributed directly and proximately to his injury and was such negligence on his part as to bar a recovery. Contributory negligence does not necessarily result as a matter of law from a violation of law by the injured person. Day v. D. St. Ry. Co. 121 Minn. 445, 141 N. W. 795; Armstead v. Lounsberry, 129 Minn. 34, 151 N. W. 542, L. R. A. 1915D, 628; Kennedy v. Webster, 137 Minn. 335, 163 N. W. 519; Heiden v. M. St. Ry. Co. 154 Minn. 102, 191 N. W. 254; Flaaten v. Lyons, 157 Minn. 362, 196 N. W. 478. But in the instant case the boy was not violating the ordinance at the immediate time of the injury. He had a right to be where he was at the time of the accident. He was not a trespasser. It is difficult to see how his transgression of a few moments before, if negligence, would be the proximate cause of the injury. What is negligence for an adult may not be for a child. Erickson v. M. St. P. & S. Ste. M. Ry. Co. supra, page 106. It cannot be said as a matter of law that the boy was guilty of contributory negligence. Defendant does not belong to that class of persons for whose benefit the ordinance was enacted. It was to protect pedestrians.

If in fact he was negligent, then it cannot be said as a matter of law that such negligence proximately contributed to the injury. The age of the child and circumstances presented a question of fact as to the boy's contributory negligence and the trial court properly told the jury that they had a right to take into consideration as a circumstance bearing upon that question the fact that immediately before the accident the boy had been riding his bicycle on the sidewalk in violation of the ordinance. Upon the record in this case the defendant cannot complain of the question of contributory negligence proximately contributing to the injury being submitted to the jury.

Affirmed.