SOUTHWESTERN BELL TELEPHONE COMPANY v. J. D. HARDY.

No. 7096.   Decided June 8, 1938.
(117 S. W., 2d Series, 418.)

574

*John H. Bickett, Jr., C. M. Means,* both of Houston, *Jno. T. Garrison* and *C. E. Coolidge,* both of Houston, for plaintiff in error.

A telephone company in the maintenance of its wires over a public street is only bound in law to exercise ordinary care, and the undisputed facts showing there was no failure on the part of the telephone company or its agents, servants or employees, to exercise such care in maintaining its wires at the proper elevation so as to not interfere with travel along said street, it was not liable for damages for the injuries sustained by plaintiff. City of Fort Worth v. Williams, 119 S. W. 137; Southwestern T. & T. Co. v. Thompson, 157 S. W. 1185; 62 C. J. 59-62.

*Adams & McAlister,* of Nacogdoches, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court defendant in error J. D. Hardy was awarded damages against plaintiff in error Southwestern Bell Telephone Company sustained by him on account of personal injuries received by his minor son, Eulon Hardy. That judgment was reversed and the cause remanded by the Court of Civil Appeals. 91 S. W. (2d) 1075.

. We have concluded that the case is to be determined by our decision of one question and shall limit our statement to such facts as throw light upon that question. Phineas Bell owned a residence in the City of Nacogdoches on Shawnee Street to which the Telephone Company supplied telephone service. The telephone was connected with the Company's system by a wire strung across Shawnee Street. About the 1st of September, 1933, the service was discontinued and the telephone removed from the house, but the wire strung across Shawnee Street was not removed. In November thereafter Bell contracted with a man named J. H. Stafford to wreck the house. The Telephone Company was notified that the house was to be wrecked and was requested to remove its wire therefrom. Some three days later, the Company having failed to remove the wire, Stafford disconnected it from the house and tied the loose end to a porch post. The result was that the elevation of the wire across Shawnee Street was lowered to such an extent that Eulon Hardy, who was riding in a truck down the street, was caught under his chin by the wire and dragged off the truck onto the street sustaining personal injuries. Only one ground of negligence was submitted to the jury. The special issues submitting that ground were as follows:

"SPECIAL ISSUE NO. 2: Do you find from a preponderance of the evidence that the defendant failed to exercise ordinary care to remove the line from Phineas Bell's house after receiving notice that it was going to be torn down, if you have found that they did receive such notice?

"You will answer 'yes' or 'no' as you find the facts to be.

"If you have answered Special Issue No. 2 'yes,' and in that event only, then answer:

"SPECIAL ISSUE NO. 3: Was such failure, if any, negligence as that term has hereinbefore been defined to you?".

These issues were answered in the affirmative, as was also the issue of proximate cause submitted in Special Issue No. 4.

The Court of Civil Appeals found the following as undisputed facts:

"The undisputed facts were that the wire, as attached by appellant to the Bell house, did not constitute a source of danger to the general public traveling on Shawnee Street; when Stafford, Bell's agent, tied the loose end of the wire to the house post after detaching it from the house, it constituted a source of danger to the general public using Shawnee street; appellant had no control over Stafford, and there was no privity between them; it did not have actual knowledge of the dangerous posi-

tion of the wire across the street, as it was attached to the house post, nor was the length of time—about two hours—that the wire remained across the street after Stafford attached it to the post sufficient to give appellant constructive knowledge of its dangerous position."

At the conclusion of the testimony the Telephone Company requested the giving of a peremptory instruction in its favor, and the action of the court in refusing that request is made the basis of an assignment in this court, as it was also in the Court of Civil Appeals. It is clear to our minds that the requested instruction should have been given. The direct and immediate cause of the boy's injuries was the positive, affirmative negligence of Stafford, for whose acts the Telephone Company was in no way responsible. At most, the Company but created a condition out of which the injuries remotely grew. Its failure promptly to respond to the request to remove the wire was too remotely connected with the injuries to be actionable. There is a wealth of authority upon this proposition. We refer briefly to a few of the decisions.

In Baughn v. Platt, 123 Texas 486, 72 S. W. (2d) 580, an employee of an Ice Company insecurely tied a block of ice on the running board of a customer's automobile. While the customer was driving his car over a rough street at a rate of thirty or thirty-five miles an hour, the block of ice fell off the running board and injured a third person. The Ice Company had no control over the driver of the automobile. It was claimed by the plaintiff that the negligence of the employee of the Ice Company in failing securely to fasten the ice to the running board was the proximate cause of his injuries. This claim was rejected, and it was held that, as a matter of law, the injuries were too remote to cast any liability upon the Ice Company.

In the case of Paris & G. N. Ry. Co. v. Stafford, (Com. App.) 53 S. W. (2d) 1019, an employee of a Railroad Company was killed in the following manner: An automobile being driven on the highway got out of control of the driver, ran across a ditch, up an embankment and knocked over a switchstand maintained by the railroad company, resulting in an opening of the switch and a consequent later derailment of a train. It was claimed that the negligence of the Railroad Company in permitting crossties to which its switchstand was attached to become rotten or decayed was the proximate cause of the employee's death, but it was held, as a matter of law, that the injuries were too remote. Accordingly recovery against the Railroad Company was denied.

In the case of Magnolia Petroleum Company v. Cocke, 3 S. W. (2d) 139 (error ref.), the plaintiff was injured by stepping on an iron collar or ring on the highway. A number of these collars had been left by the Oil Company on its right of way near the highway and, by the action of some intervening cause, one of these rings was moved onto the highway. There was no proof of how the ring got onto the highway. It was held that, as a matter of law, the negligence of the Oil Company in leaving its rings near the highway was not the proximate cause of the injuries.

1   The above cases are but a few of the many decisions on the question here presented, but are sufficient to illustrate clearly the principle of law governing this case. It may be that the Telephone Company could be charged with anticipating that, on account of its delay in removing this wire, the owner of the house would cause same to be detached therefrom, but it cannot be held to have anticipated that the owner or his contractor would create the dangerous condition which alone caused the injury to this young man. The wire could have been removed without creating a condition dangerous to the public. The act of Stafford in tying it to a post in the manner which he did was a new, intervening, independent act of negligence which completely broke the causal connection between the original negligence and the injury and itself became the proximate cause thereof.

2   The opinion of the Court of Civil Appeals does not question the elementary principle of actionable negligence that a causal connection must exist between the negligent act and the injuries complained of, but seems to hold that the Telephone Company became a trespasser on the premises of Bell when it failed to remove its wire within a reasonable time after notice, and that it therefore became liable for the torts of Bell and his contractor the same as if they had been its employees engaged in the furtherance of its business. We cannot adopt that theory. If the Company became a trespasser, it did so through its negligence, and is liable for such consequences only as it should have reasonably anticipated as likely to flow therefrom. By committing a trespass upon the premises of Bell, it did not thereby authorize him, or any other person, so to use its wire as to endanger the lives of others. Neither could it reasonably anticipate such unauthorized use. Classifying the Telephone Company as a trespasser against Bell does not in any degree alter the rules with respect to its liability to defendant in error.

The case appears to have been fully developed on the question

under consideration, and no reason is perceived for another trial thereof. It is accordingly ordered that the judgments of the trial court and Court of Civil Appeals both be reversed and judgment here rendered that defendant in error take nothing.

Opinion adopted by the Supreme Court June 8, 1938.