Bernard A. GOTTSCHALK et al., Appellants,

v.

Gerald W. RUDES, Appellee.

No. 13340.

Court of Civil Appeals of Texas.

San Antonio.

May 14, 1958.

Rehearing Denied July 23, 1958.

Lieck & Lieck, San Antonio, for appellants.

Carl Wright Johnson, Alfred W. Offer, San Antonio, for appellee.

BARROW, Justice.

This is a personal injury suit brought by Bernard A. Gottschalk, individually and as next friend for William Charles Gottschalk, a minor, against Gerald W. Rudes as defendant. Plaintiffs charged a number of acts of negligence and the defendant charged acts of contributory negligence against the minor plaintiff. The jury found two acts of negligence on the part of the defendant, which were a proximate cause of the minor plaintiff's injuries, and found one issue of contributory negligence against the minor plaintiff. Upon this verdict of the jury, the court entered judgment for the defendant and plaintiffs appealed.

The facts, in brief, are that the accident occurred just about dusk on October 16, 1954, as the minor plaintiff, who lacked two days of being eight years old, was

attempting to push his bicycle across an expressway in San Antonio at the San Marcos Street exit. The defendant was operating his automobile on said expressway at the rate of approximately forty-seven to fifty miles per hour just prior to colliding with the boy, and in attempting to avoid the collision slowed his car to about five miles per hour. The expressway in that area is a controlled access expressway, being divided in the center by a median strip or island, with one-way traffic on either side, and bicycles and pedestrians are forbidden from being upon or crossing the expressway. Upon seeing the minor plaintiff attempting to cross, the defendant locked his brakes and skidded until the boy was struck by the left front of the automobile.

By their fifteenth point appellants complain that the court erred in not submitting to the jury a negligence issue in connection with Issues Nos. 24 and 25. Special Issue No. 24 inquired if "immediately prior to the accident the plaintiff, William Charles Gottschalk, attempted to cross the Express Way at a point other than within a marked or unmarked crosswalk at an intersection, thus presenting the issue of a violation of Section 78(a) of Article 6701d, Vernon's Ann.Civ.Stats. Special Issue No. 25 inquired if such action was a proximate cause of the accident.

It was upon a finding of contributory negligence in answering these two issues in the affirmative that the court denied any recovery to the minor plaintiff.

It is appellants' contention that it was a fact question for the jury to determine whether or not, on account of the age of the minor plaintiff he was negligent in attempting to cross the expressway at a point other than a marked or unmarked crosswalk at an intersection was negligence, taking into consideration his age, intelligence, experience and capacity, and that the court erred in holding that the minor plaintiff was guilty of negligence

per se if he did so attempt to cross the expressway.

This presents a problem that has never been expressly before the Courts of this State, but has been passed on many times by the Courts of other States.

■ Generally speaking, the Courts in most jurisdictions, including this State, recognize that during the early stages of infancy, there is a conclusive presumption that the child is incapable of contributory negligence, but there is a conflict in decisions upon the age at which the presumption becomes ineffective. Gulf Production Co. v. Quisenberry, 128 Tex. 347, 97 S.W.2d 166; Missouri-Kansas-Texas R. Co. of Texas v. Sanderson, Tex.Civ.App., 174 S.W.2d 646; Sorrentino v. McNeill, Tex.Civ.App., 122 S.W.2d 723. There follows a period during which the presumption is rebuttable, depending upon the age, intelligence, experience and capacity of the child. This rule is universal insofar as contributory negligence generally is concerned. The question for determination here is whether or not the rule applies in cases involving the violation of a penal statute or ordinance.

■ While there are variations and exceptions to the rule, it may be said, generally, that a violation of a penal statute or ordinance is negligence per se. However, in cases not involving law violations by an infant, special consideration is given to a child's age, intelligence and capacity, in determining the question of his contributory negligence. The standard of care for the child is not to be judged by that of the reasonably prudent man, but by that care which a child of the same age, intelligence, capacity and experience would ordinarily be expected to exercise under the same or similar circumstances.

■ More precisely stated, the question is, which of the two rules is to give way to the other where there is a violation of law by an infant? Upon this subject

the decisions are not in harmony. The minority rule is that the negligence per se rule is to prevail over the rule giving special consideration to the factor of infancy. In other words, where the child has passed the age where he is conclusively presumed incapable of negligence, then the child is amenable to the law just as an adult. The majority rule is that in cases involving a violation of a penal statute or ordinance by a child, special consideration should be given to his age, intelligence, experience and capacity, and that the question of his negligence is a question of fact to be determined by the jury, under proper instructions from the court. Graham v. Werfel, 229 Ala. 385, 157 So. 201; Scalf v. Eicher, 11 Cal.App. 2d 44, 53 P.2d 368; Mecchi v. Lyon Van & Storage Co., 38 Cal.App.2d 674, 102 P.2d 422, 104 P.2d 26; Hackert v. Prescott, 165 Minn. 134, 205 N.W. 893; Peterson v. Miller, 182 Minn. 532, 235 N.W. 15; Hubred v. Wagner, 217 Minn. 129, 14 N.W.2d 115; Rule v. Claar Transfer & Storage Co., 102 Neb. 4, 165 N.W. 883; Locklin v. Fisher, 264 App.Div. 452, 36 N.Y.S.2d 162; McNamara v. Cohen, 184 Misc. 872, 55 N.Y.S.2d 600; Fightmaster v. Mode, 31 Ohio App. 273, 167 N.E. 407; Michalsky v. Gaertner, 53 Ohio App. 341, 5 N.E.2d 181; Kriens v. McMillan, 42 S.D. 285, 173 N.W. 731; Williams v. Black, 147 Tenn. 331, 247 S.W. 95; Von Saxe v. Barnett, 125 Wash. 639, 217 P. 62; Kuczko v. Prudential Oil Corp., 110 N.J.L. 111, 164 A. 308; Morby v. Rogers, 122 Utah 540, 252 P.2d 231; 174 A.L.R. 1170.

The only Texas case which, in our opinion, throws any light on the problem is Green v. Ligon, Tex.Civ.App., 190 S.W. 2d 742, 746. In this case the court had before it the question of the negligence of a five-year-old child. An issue was submitted to the jury as to whether the minor plaintiff was negligent in attempting to cross a street at a place other than an intersection, obviously in violation of a city ordinance, which was answered

in the negative. The defendant contended that notwithstanding that finding he was entitled to judgment, evidently on the ground that such action was negligence per se. The Court in overruling this contention said:

"Considering her age, intelligence, capacity and discretion, whether or not the degree of care shown to have been used by her for her own safety was sufficient and raised a fact issue for the jury."

Having considered both the majority and minority rules, we believe that the majority rule is more sound, just and equitable, and that it would be unjust and inequitable to hold, as a matter of law, that a child of the age of William Charles Gottschalk is guilty of negligence per se in the violation of a penal statute. We believe, as do the holdings in the cases above cited, the issue of negligence is a fact question, taking into consideration the child's age, intelligence, experience and capacity, and should have been submitted to the jury. The court erred in failing to submit this issue of fact to the jury.

Appellee contends that appellants have waived this point by their argument to the jury to the effect that the minor plaintiff should not have been on the expressway. We do not agree with this contention. The court had in effect so instructed the jury in submitting Issues 24 and 25 in the form of contributory negligence per se.

In view of the fact that the case must be reversed and remanded for another trial on account of the error hereinabove discussed, we feel that we should express our views on appellants' complaints with reference to the trial court's definition of proximate cause.

The trial court in his charge defined negligence, both as to the defendant and to the minor plaintiff, as follows:

"By the term 'negligence', as used in this charge, as applied to the de-

fendant, Gerald W. Rudes, is meant the failure to exercise such care as a person of ordinary prudence would have exercised under the same or similar circumstances.

"By the term 'negligence', as used in this charge, as applied to the plaintiff William Charles Gottschalk, is meant the failure to exercise such care as an ordinarily prudent child of his age, intelligence, experience and capacity would have exercised under the same or similar circumstances."

By several points appellants complain that the court erred in the definition of proximate cause as applied to the minor plaintiff, and contend that in said definition the court should have instructed the jury that the injury, or some similar injury, should have been foreseen and anticipated by an ordinarily prudent child of plaintiff's age, intelligence, experience and capacity.

We note the trial court in his definition of negligence informed the jury, the degree of care required was that of the ordinarily prudent child of the age, intelligence, experience and capacity of the child involved.

We think the trial court erred in failing to instruct the jury in connection with its definition of proximate cause, that the injury or some similar injury should have been foreseen and anticipated by an ordinarily prudent child of the age, intelligence, experience and capacity of the child involved. The burden was on the appellee to prove contributory negligence on the part of the child plaintiff. By its definition of proximate cause, the court required defendant to prove only that a person of ordinary prudence should have foreseen and anticipated the result or some similar result.

We believe our opinion in this respect is supported by the decision of the Supreme Court in Dallas Ry. & Terminal Co. v. Rogers, 147 Tex. 617, 218 S.W.2d 456, which we think is the only analogous Texas case.

In that case the Court had before it a suit by an eleven-year-old girl against the Railway & Terminal Company for recovery of damages arising from injuries to the child as a result of being struck by the company's bus at a street intersection. The case embraced the issues of negligence and contributory negligence.

The trial court in its instruction preceding the special issues in the charge, defined "ordinary care" as "such care as a person of ordinary prudence would use under the same or similar circumstances," and defined "negligence" as "the failure to use ordinary care." The Court also defined "proximate cause" and "proximately contributed to cause," and described the result as one that reasonably would have been anticipated by a person of ordinary prudence.

The plaintiff excepted to these definitions, insofar as they related to the issues of contributory negligence of the child involved, on the ground that they imposed upon the child a greater degree of care than that required of her by law, and requested definitions appropriate to a child of the age, intelligence, experience and capacity of the child involved.

While the Court in its opinion did not discuss the question of foreseeability in the instruction on proximate cause, the Court did hold that the exceptions should have been sustained and the instructions given.

No direct authority has been cited on the question of the element of foreseeability in the definition of proximate cause as applied to the conduct of children, and we have found none, but we think the question of the ability of the child to know, foresee, anticipate and appreciate the danger is a question of fact for the jury and should be submitted under appropriate instructions.

We feel that it is unnecessary to discuss the other matters complained of, for

the reason that they are not likely to occur on another trial.

For the error above pointed out the judgment is reversed and the cause remanded.

### On Motion for Rehearing.

■ We remain convinced that the judgment must be reversed and remanded for the error of the court in failing to submit to the jury a negligence issue applicable to the minor plaintiff, in connection with the issue of negligence per se as applicable to the minor child, as raised in appellants' fifteenth point. However, we have reached the conclusion that we were in error in our further holding that the court in defining proximate cause as applicable to the minor plaintiff, should instruct the jury that the element of foreseeability or anticipation should be measured by the age, intelligence, experience and capacity of the child involved. We based our decision upon what we deemed to be the holding of the Supreme Court in Dallas Ry. & Terminal Co. v. Rogers, 147 Tex. 617, 218 S.W.2d 456, but, after a careful review of that case, we have concluded that while the opinion did mention the fact that the court defined proximate cause as that which reasonably would have been anticipated by a person of ordinary prudence, and while the court also noted that respondents objected to these instructions, along with the court's definition of negligence and proper lookout, it seems clear that what the Court had to say related to the degree of care required of the child under the negligence issue, and not that the standard of care required should be repeated in the definition of proximate cause. Therefore, our opinion delivered on May 14, 1958, in this cause, insofar as it related to the court's definition of proximate cause, is withdrawn and the following substituted in lieu thereof.

Appellants' complaint, raised by several points, that the court in the definition of proximate cause as applied to the minor plaintiff, failed to incorporate therein an instruction that the injury, or some similar injury, reasonably would have been anticipated by a child of the age, intelligence, experience and capacity of said minor, is overruled.

In Dallas Ry. & Terminal Co. v. Black, 152 Tex. 343, 257 S.W.2d 416, 418, opinion by Justice Smedley, who also wrote the opinion in the Rogers case, supra, the Supreme Court had before it a case of a carrier of passengers, in which a high degree of care is required. The trial court gave the usual approved definition of proximate cause. The respondent objected to the charge on the ground that, as applied to the bus driver, it failed to encompass the high degree of care which the driver "must" exercise in reasonably foreseeing the result, and requested that the jury be instructed that the result, or some similar result, would have been reasonably foreseen by a person in the exercise of a high degree of care in the light of the attending circumstances. The trial court refused to give this charge. The Court of Civil Appeals held that this was reversible error.

The Supreme Court, after noting that the approved definition had been subjected to criticism by some of the text writers, said:

"However, notwithstanding the criticism, which seems to be well founded in part at least, the test used in the trial court's definition and the definition including the element of foreseeableness have been uniformly approved as the rule in this state. Texas & Pacific Railway Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Gulf, C. & S. F. Railway Co. v. Bennett, 110 Tex. 262, 219 S.W. 197; San Antonio & A. P. Railway Co. v. Behne, Tex.Com. App., 231 S.W. 354; City of Dallas v. Maxwell, Tex.Com.App., 248 S.W. 667, 27 A.L.R. 927; Gulf, C. & S. F. Railway Co. v. Ballew, Tex.Com.App., 66 S.W.2d 659; Southwestern Bell Telephone Co. v. Hardy, 131 Tex. 573,

117 S.W.2d 418; International-Great Northern R. Co. v. Lowry, 132 Tex. 272, 277–278, 121 S.W.2d 585; East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 247–248, 223 S.W.2d 613."

After reviewing several of the authorities, the Court said:

"We believe that adoption of the definition suggested by respondent would tend to confuse jurors rather than to help them. Definitions given in connection with special issues should be simplified.. We approve the trial court's action in overruling the objection to the definition of proximate cause and in refusing the requested definition."

See also, Southland Greyhound Lines **v.** Cotton, 126 Tex. 596, 91 S.W.2d 326.

In Kirkpatrick v. Neal, Tex.Civ.App., 153 S.W.2d 519, 525, cited and approved by the Supreme Court in the Black case, supra, a suit under the guest statute, the appellant complained of the definition of proximate cause given in the charge, because it permitted a finding of proximate cause if the result should have been foreseen by a person of ordinary prudence rather than by a person acting in heedless and reckless disregard of the rights of others. In rejecting appellant's contention the Court said:

"It is believed that as the term 'proximate cause' has a well settled and long established legal meaning, that such meaning in the language usually used in expressing same is all that is required in embodying same in a charge to the jury, and this without regard to the quality of the act of negligence alleged, this going only to the degree of relief authorized by law."

In Hill v. Texas, New Mexico & Oklahoma Coaches, 153 Tex. 581, 272 S.W. 2d 91, 92, opinion by Justice Smith, the trial court in the definition of proximate cause included therein the words: "and which result or some like result ought reasonably to have been anticipated or foreseen by a very competent, cautious and prudent person in the light of the attending circumstances." The Supreme Court held that in this particular case the error in the definition became harmless, but further said:

"We recognize that a fact situation could arise where it would be reversible error to include the element of high degree of care in the definition of proximate cause and in order to avoid possible error resulting in a reversal we hold that the element of high degree of care should be omitted. Its proper place is in the definition · of negligence."

Thus it is seen that the established and approved definition of proximate cause has been adhered to in cases involving both the greater and lesser degrees of care than in ordinary negligence cases.

Appellee's motion for rehearing is overruled.

W. O. MURRAY (dissenting in part).

I concur in the result arrived at by the majority, but I do not agree that in submitting to the jury the question of contributory negligence of an eight-year-old child the adult test should be applied. The majority have held that in submitting the question of negligence of a child of tender years to the jury, the measure to be used is that degree of care ordinarily exercised by a child of the same age, intelligence, experience and capacity, under the same or similar circumstances, but that in submitting the issue of proximate cause you apply to an eight-year-old child the adult test. It occurs to me that if the child test should be applied as to negligence, a like test should be applied in submitting the proximate cause issue. I see no reason for applying the child test in one instance and the adult test in the other. I think the

Supreme Court settled this matter in Dallas Ry. & Terminal Co. v. Rogers, 147 Tex. 617, 218 S.W.2d 456, 458, when it said:

"* * * that 'proper lookout' and 'ordinary care' as used in the special issues applying to the child mean such lookout as would have been kept, and such care as would have been exercised, by an ordinarily prudent person of like age, intelligence, experience and capacity under the same or similar circumstances. The objections were overruled and the requests for special definitions and instructions were rejected. The effect of the trial court's charge and its refusal to give the instructions and definitions requested by respondents was that the court instructed the jury with reference to the issues of contributory negligence to measure the conduct of the minor respondent by the same standard as that applied to the conduct of an adult. This, as shown by the authorities cited in the opinion of the Court of Civil Appeals, does not conform to the well settled applicable principle, which is that a child of tender years is not bound to exercise for its own safety the care required of an adult, the standard by which to measure the child's conduct being that degree of care ordinarily exercised by children of the same age, intelligence, experience and capacity under the same or similar circumstances."

The majority seem to rely upon the following cases as their reason for concluding that in determining whether the negligence of an immature child was a proximate cause of its injuries, the child should be required to have the foreseeability of an adult: Dallas Ry. & Terminal Co. v. Black, 152 Tex. 343, 257 S.W.2d 416; Southland Greyhound Lines v. Cotton, 126 Tex. 596, 91 S.W.2d 326; Kirkpatrick v. Neal, Tex.Civ.App., 153 S.W.2d 519; Hill v. Texas, New Mexico & Oklahoma Coaches, 153 Tex. 581, 272 S.W.2d 91.

The question of the proper definition of proximate cause as applied to a child of tender years was not involved in any one of these cases. It is true that incidentally both the plaintiff and defendant were minors in the Kirkpatrick case, but the question raised about the proper definition of proximate cause in no way related to the fact that the defendant was a minor, but rather to the fact that the plaintiff was a guest in his automobile. The question presented was whether "proximate cause" should be defined differently where the guest statute is involved than in an ordinary personal injury suit.

In my opinion, we were right in our first opinion herein, where we hold that it was error to apply the adult test to this eight-year-old child in the definition of "proximate cause", under the facts in this case.