## KUSHINSKY v STORCK

Ohio Appeals, 9th Dist, Lorain Co

No. 497. Decided October 4, 1929

Robert H. Rice, Elyria, for Kushinsky.
A. W. Cinniger, Lorain, for Storck.

FUNK, PJ.

Our Supreme Court has said at least three times that the language used by the court, to wit, "to the satisfaction of the jury," means more than a preponderance of the evidence and is prejudicial error.

Kelch v. State, 55 OS. 146, at pp. 152-153.
B. & O. R. R. Co. v. Linn, 77 OS. 615.
C., H. & D. Ry. Co. v. Frye, 80 OS. 289.

The Supreme Court has also gone further and held, in the case of Montanari v. Haworth, 108 OS. 8, at p. 14, that such error cannot be ignored under the substantial justice rule.

However, counsel for plaintiff contends that there was no contributory negligence on the part of plaintiff and that there could be no contributory negligence on the part of plaintiff, because he was confronted by an emergency caused by the negligence of defendant, and that he was not guilty of negligence in trying to extricate himself if he acted in such manner as an ordinarily prudent person might act in such a position, even though he did not make the wisest choice that could have been made, and that hence the charge on contributory negligence is not material even if the same is open to the criticism made by defendant.

We cannot agree with this contention of counsel for plaintiff, for the reason that under the pleadings and claims of the parties it is a question of fact to be determined by the jury from all the evidence whether or not an emergency was sud-

denly created by the negligence of defendant, whereby plaintiff was compelled to act instantly, and whether, in view of all the facts and surrounding circumstances, including an emergency, if one existed, plaintiff acted as an ordinarily prudent person would have acted, or whether the collision was caused by any contributory negligence on the part of plaintiff or by the sole negligence of plaintiff.

As to the other four errors complained of in the charge, it will be noted that if they are errors at all that they are all errors of omission rather than of commission, and that while the charge in the particulars complained of may not be as complete and clear as it perhaps should have been and thus subject to some complaint, the record does not show and there is no claim that counsel for defendant called the court's attention to any of these omissions he now complains of.

As to the verdict being against the manifest weight of the evidence.

We find the conflict in the evidence is such in this case that a reviewing court would not be warranted in reversing on the weight of the evidence, whether the verdict was for either party or a general verdict for the defendant.

Finding that there was error prejudicial to defendant as to the quantity of evidence necessary for defendant to produce on the question of contributory negligence on the part of the plaintiff, the judgment is reversed for that reason and the cause remanded for further proceedings according to law.

Pardee, J, and Washburn, J; concur.