**THOMPSON, Admrx v**
**GOODYEAR TIRE & RUBBER CO**

Ohio Appeals, 9th Dist, Summit Co

No 2122. Decided Jan 16, 1933

## PER CURIAM

The plaintiff in error, who was the plaintiff in the trial court, prosecutes error to this court from an adverse verdict and judgment and claims that she was prevented from having a fair trial in the lower court because certain jurors were permitted to be seated who were incapable of rendering a fair and impartial verdict. In support of this claim she relies upon the bill of exceptions, which contains only a very small part of the voir dire examination, which is supplemented by affidavits which were offered and considered by the trial judge upon the motion for a new trial and which are made a part of the bill of exceptions.

The three jurors about whom the chief complaint is made are Mr. H. Griffiths, Mrs. Ora Smith, and Mrs. Clio Cabell.

The bill of exceptions shows that only a part of the examination of Mr. Griffiths is set forth in the bill of exceptions, and from it it appears that Mr. Griffiths was examined by one of the attorneys for the plaintiff and that he stated that, notwithstanding he knew two of the attorneys for the defendant, he could render a fair and impartial verdict. No objection was made to this juror by the plaintiff, and later the attorneys for the plaintiff stated that they were satisfied with the jury, including Mr. Griffiths.

The plaintiff claims that Mrs. Cabell was permitted to remain upon the jury over the objection and exception of the plaintiff. From our examination of the voir dire examination, we are unable to find that the court abused its discretion in permitting her to remain upon the jury. It appears that her husband had a damage case in which the attorneys for the defendant represented him, and that she did not know who his attorneys were until she was examined as a prospective juror, and had never seen his attorneys before such time; and on this occasion she would not have known it except for the fact that it was revealed by said attorneys.

As to the juror Mrs. Smith, the bill of exceptions does not show her voir dire examination, and we have to look to the affidavits filed in support of the motion for

Paul Howland, J. B. Oviatt, and Clyde F. Beery, Akron, for plaintiff in error.

Rockwell, Grant, Thomas & Buckingham, Akron, for defendant in error.

a new trial. From this examination as to her and the other jurors about whom complaint is made, we are compelled to say that a great part of the several affidavits are incompetent to be considered; but from the competent parts of said affidavits, we find, as to Mr. Griffiths, that there is no evidence which would warrant the conclusion that he was disqualified as a juror, either because he knew the attorneys for the defendant or because he had been connected with an insurance company or an insurance agency company before said trial; and the affidavits as to Mrs. Cabell and Mrs. Smith likewise fail to sustain the claims that they or either of them were disqualified to sit as jurors in said case.

We therefore reach the conclusion that the bill of exceptions, including said affidavits, falls far short of sustaining the claim that the trial court abused its discretion in the impaneling of the jury.

It is also claimed that the court erred in giving the following instruction before argument, at the request of defendant:

"No. 1. Ladies and gentlemen of the jury, the court says to you, as a matter of law, that there is but one just conclusion and verdict for the jury to arrive at and return in this case under the law governing it and the evidence which has been offered in court, and the court further says to you that it is the duty of the jury to arrive at such verdict without prejudice for or against either party and without any feeling or sympathy whatever."

We do not think that this charge is subject to the interpretation claimed for it by counsel who urge that it was erroneous, and we do not find that the court erred in giving said request.

Complaint is also made in reference to defendant's request to charge No. 11, which was given, and which is as follows:

"It is the duty of the court to instruct you as to the measure of damages under the law, but you as a jury will remember that because the court charges you upon the subject of damages it does not in any manner mean or imply that the court is of the opinion that the plaintiff is entitled to recover in this case, and the jury must not infer from such charge that the plaintiff is entitled to recover."

The criticism made in reference to this charge is that it was calculated to give the jury the impression that the trial judge did not feel that the plaintiff should recover. While the substance of the charge could have been stated in a way to obviate such criticism, we do not think that it is at all probable that the jury received any such impression from said charge, and especially is that so when we consider that charge in connection with all that the trial judge said to the jury.

It is further urged that the following charge, given to the jury before argument, is erroneous, to-wit:

"No. 3. The mere fact that a collision occurred at the time complained of, between a car driven by plaintiff's decedent and a car of the defendant company, and that plaintiff's decedent died as a result of such collision, will not warrant you in returning a verdict for the plaintiff. If said collision and resulting death were the result of a pure accident, then plaintiff cannot recover."

It is true that the pleadings raised no issue of unavoidable accident, but we think that, under the facts in this case and the general charge of the court, it was not error for the court to say to the jury that if said collision was the result of a pure accident, the defendant would not be liable. It would perhaps have been better to have used language making it plainer that by a pure accident was meant that nobody was to blame for the collision; but we find no prejudicial error in the charge as it was given.

It is next urged that the court erred in giving defendant's second request to charge before argument, in which the court said to the jury that the defendant was presumed to be free from negligence and that they could not assume or presume that the defendant was negligent simply because the accident happened, and that, unless the jury found by a preponderance of the evidence that the accident was caused solely by the driver of the defendant's vehicle, the defendant could not recover.

We find no error in this charge. It was not claimed that the acts of any third party had anything to do with bringing about the collision, and under the circumstances of the case, the defendant was not liable unless its negligence was the sole proximate cause of the injury. This part of the charge does not relate to burden of proof; it merely states a proposition which, under the circumstances of this case, is correct.

It is also claimed that the jury was guilty of misconduct in its deliberations.

Those parts of the affidavits that were filed to substantiate this charge were not competent evidence, but if competent, we would be unable to say that there was such misconduct as would justify the court in granting a new trial.

It is very strenuously urged that there were a number of other errors in the charge of the court, but we find that they all relate to the subject of contributory negligence; and which we find that there are some errors in the charge upon the subject of contributory negligence, we do not find that, taking the charge as a whole, the court committed prejudicial error by repeated reference to and over-emphasizing the question of contributory negligence.

We do not take the time to refer to the errors which we do find in the charge upon contributory negligence, nor to determine whether such errors are prejudicial, for the reason that we find that the two-issue rule applies in this case. (**Knisely v Community Traction Co., 125 Oh St 131; Binder v Youngstown Municipal Ry. Co., 125 Oh St 193**). Such errors as we find, relate entirely to the subject of contributory negligence and were not calculated in any way to mislead the jury upon the issue of the defendant's negligence; we find no error in the submission of the question of defendant's negligence, and it is impossible to ascertain from the record that the general verdict in favor of the defendant was not based upon that issue. Under such circumstances we find, as we have said, that the two-issue rule applies, and there is no claim that the verdict is manifestly against the weight of the evidence.

Not finding any prejudicial error in the record, we affirm the judgment.

PARDEE, PJ, WASHBURN and FUNK, JJ, concur in judgment.