### PLETCTER v BODLE, Admr et

Ohio Appeals, 9th Dist, Summit Co

No 2248. Decided Jan 24, 1933

Bernard J. Amer, Akron, and Francis J. Amer for plaintiff in error.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for defendant in error.

**PER CURIAM**

The plaintiff in error prosecutes error to this court from an adverse verdict and judgment of the Court of Common Pleas, growing out of an automobile accident in which· defendant in error's decedent was killed. The plaintiff in error sets out six· alleged errors in his brief, and we will refer to each of them herein.

The first error alleged relates to the rejection of the testimony of the witness Freeman E. Thompson as to the speed of the decedent's car a mile and a half away from the place of the accident.

From our examination of the bill of exceptions as to this point, we are not able to say that the trial court committed prejudicial error in rejecting this testimony, nor would we be able to say that if it had been admitted that it would have been prejudicial error. The decision upon this point rested in the sound discretion of the trial court, and we are of the opinion, when all of the facts in this connection are considered, that the court did not abuse this discretion.

The second alleged error—as to the testimony of Paul E. Dawson. The admission of the testimony of Paul E. Dawson was admitted for the sole purpose of showing the date of the assignment by the defendant to his insurance company of his claim for injuries to his truck, growing out of the accident involved in this lawsuit, and this testimony was proper and competent for the purpose of affecting the credibility of the plaintiff in error, who was a witness, and the admission of plaintiff's exhibit 2 was likewise competent; and while this evidence was admitted out of order, no objection was interposed upon that ground. We find no error in the record in this respect.

The third alleged error relates to the refusal of the trial court to give certain requests of the plaintiff in error before argument, one of which—No. 3—is as follows:

"3. I charge you as a matter of law that if you find by a preponderance of the evidence that at and prior to the collision the automobile of plaintiff's decedent was traveling at a speed greater than was reasonable and proper, having regard for the width of the road upon which it was traveling, the fog, and weather conditions then existing, that such acts of plaintiff's decedent constitute negligence and if such negligence directly or proximately contributed in the slightest degree to such collision, that so finding the plaintiff cannot recover and your verdict must be for the defendant."

Said request is not a correct statement of law for the following reasons:

1. Because the proposition does not include all of the elements enumerated in §12603 GC having a bearing upon the question of a reasonable or proper speed.

2. Because it instructed the jury that a violation of said section constituted negligence per se, and we find that the first paragraph of that section does not contain any definite, specific requirement, the violation of which constitutes negligence per se. The provisions referred to are merely regulatory and are too indefinite to constitute specific requirements.

**George Ast Candy Co. v Kling, 121 Oh St 362.**

Another complaint under this assignment of error is the refusal of the court to charge the jury before argument as follows:

"5. I charge you as a matter of law that

710

only one true verdict can be rendered in this case, and that such verdict must be reached on the evidence admitted and the law as given by the court without being influenced by any sympathy, passion, prejudice or other facts whatsoever."

This request contains simply an abstract statement which may be applicable to any case, but it does not contain a proposition of law pertinent to any particular issue in the case within the meaning of §11447 GC. It is not improper, of course, to instruct the jurors, if the circumstances warrant it, that they are not to be influenced by sympathy or prejudice, but the giving or refusal of such an instruction is a matter of discretion with the trial court. Such an instruction does not, strictly speaking, relate to the law of the case, but is a rule prescribed for the conduct and deliberations of the jury, irrespective of any particular issues being tried; and it seems to us that it was never intended that §11447 GC should apply to such a general cautionary instruction, thus making it reversible error to refuse to give such an instruction before argument.

But if we are wrong in the foregoing statement, we think that this charge is sufficiently objectionable to warrant a refusal to give it before argument; we see no reason or sense in requiring the court to say to the jury that as a matter of law "only one true verdict can be rendered" in the case, and we think such language tends to confuse and mislead the jury; it is not pretended that courts and juries administer abstract justice nor that all verdicts are based upon the absolute truth; courts and juries decide issues of fact upon probabilities, and it does not promote clarity of thought or action for a judge to tell the jurors that they must attain the unattainable. While this objection may not be important enough to make it error to give such a charge, we think it sufficient to warrant a refusal to give it before argument.

"1. Where a party presents to the court a written request for instructions to the jury, unless he is entitled to have it given in the terms in which it is expressed, there is no error in refusing it."

**Railroad Company v Schultz, 43 Oh St 270.**

"8. Trial judge is not required to give to jury before argument any special requested instruction, unless it literally states cor-

rectly the legal proposition intended to be expressed."

**Gallup v Toledo Term. Rd. Co., 26 Oh Ap 447, (5 Abs 513).**

Another complaint under this assignment of error is the refusal of the court to charge the jury before argument as follows:

"7. I charge you as a matter of law that it is the presumption of law that every man obeys the law, and the presumption in this case is that the defendant was traveling at a lawful rate of speed and on the proper side of the highway. This presumption is in itself a species of evidence and it shall prevail and control your deliberations until it is shown by a preponderance of the evidence that the defendant was guilty of negligence."

This request was properly refused because the presumption referred to is not such a presumption as is "a species of evidence"; an evidentiary presumption is an inference of the existence or nonexistence of some fact which courts or juries are required or permitted to draw from **proof of other facts**; a presumption of innocence or against fraud or of obedience to law is not a species of evidence but is simply a rule of administration which places the burden of proof upon the party alleging fraud or the violation of law. In a civil action, the office of a presumption that one has obeyed the law is to cast the burden of proving otherwise upon the party claiming that the law was not obeyed; the presumption sustains the burden of evidence until conflicting facts on the point are shown, and where evidence of facts is introduced, the presumption is functus officio and drops out of sight (Beeman v Puget Sound T. Co., 79 Wash. 137; Peters v Lohr, 124 NW 853; Savage v Rhode Island Co., 67 Atl. 633), and it is then not error to refuse to charge the presumption.

Another complaint under this assignment of error is the refusal of the court to charge the jury before argument as follows:

"8. I charge you as a matter of law that if the proof offered by the plaintiff is such as to raise a presumption of negligence on the part of plaintiff's decedent, then the burden of proof would rest upon the plaintiff to remove such presumption of negligence by appropriate and sufficient evidence and failing to do so, the plaintiff cannot recover and your verdict must be for the defendant."

This request was properly refused because the jury might well have understood "appropriate and sufficient evidence" to mean a preponderance of the evidence, when the defendant in error was only required to introduce evidence that equaled or counterbalanced the evidence raising such presumption.

If this had been in the general charge, the failure to make it plain that the quantity of evidence required was only such as would be sufficient to counterbalance, might be excused because the party complaining had had an opportunity, which he did not embrace, to ask for further instructions; but that consideration is not applicable to a request for an erroneous charge to be given before argument.

Fourth. Complaint is made also as to certain testimony of Mr. and Mrs. Bodle, admitted over the objection and exception of the plaintiff in error.

The testimony about which complaint is' made was incompetent and should have been rejected, but we are of the opinion that its reception was not prejudicial.

Fifth, it is alleged that there was error in the general charge of the court. In said general charge the court said in part as follows:

"I further charge you that if you find by a preponderance of the evidence that the defendant's truck or tractor was, immediately prior to the collision, being operated on its left or wrong side of the road and in such a position as to block or bar the progress of the plaintiff's decedent on said decedent's own right side of the road, that the said decedent, in the exercise of ordinary care, then had the right to drive on the left or wrong side of the road in order to avoid a collision, and that his act in so doing would not be negligence.

"I further charge you that if you find by a preponderance of the evidence that the defendant's tractor was, immediately prior to the collision, being operated on its left or wrong side of the road and that the plaintiff's decedent saw that by stopping his car on his own side of the road his car would be struck by the tractor of the defendant, the plaintiff's decedent, then and in that event, would not be required to stop but would then be permitted in the exercise of ordinary care, to continue to operate his vehicle and turn to the left in order to avoid a collision."

We do not find any error in this charge as claimed.

The court expressly stated to the jury that they must find by a preponderance of the evidence certain facts before the decedent in the exercise of ordinary care could do certain things. This charge was justified by the evidence and did not present the question of an emergency facing the defendant at the time of the accident, and did not require the court to give the defendant the benefit of a similar charge unless requested by him, which was not done.

As to the sixth alleged error, we do not find that the verdict is manifestly against the weight of the evidence, as claimed by plaintiff in error.

Not finding any errors in the record prejudicial to the plaintiff in error, we affirm the judgment.

PARDEE, PJ, WASHBURN and FUNK, JJ, concur in judgment.