**KARRAS v MOSLEY et**

Ohio Appeals, 9th Dist, Summit Co

No 2120.  Decided Dec 15, 1933

E. G. Hammond, Akron, for plaintiff in error.

No appearance for defendant in error.

## OPINION

By FUNK, J.

We have read the record and find no reversible error in the admission of evidence. Although it was error for the court to permit the defendant McMenamin to testify to a conclusion, to-wit, that he did not use any more force than was necessary to open the front door, we do not find that this was prejudicial to plaintiff when considered in connection with the evidence as a whole.

Second, it is claimed that the court erred in refusing to give plaintiff's special request to charge before argument because it was not typewritten, and in refusing to grant plaintiff sufficient time to have the same typewritten.

This ruling was in strict adherence to a rule of the court duly adopted and published, and well known to counsel; consequently the giving of or refusal to give said request for that reason was a matter within the discretion of the court, and we cannot say, under this record, that this ruling was an abuse of such discretion.

However, even if it could be said that the refusal to give the request for the reason given was an abuse of discretion, it will be observed that said request contains simply an abstract statement of a rule which might be applied in determining the credibility of any witness and which would be applicable to any case, and does not contain a proposition of law pertinent to an issue peculiar to this case, within the meaning of §11447, GC.

Said request reads as follows:

"The court instructs the jury as a matter of law that if you believe from the evidence in this case that any witness has wilfully testified falsely as to any material fact in the case, then you are at liberty to disregard the entire testimony of such witness."

It is, of course, not improper, if the circumstances warrant it, to so instruct the jurors, either before argument or in the general charge; but the giving of or refusal to give, before argument, an instruction which is simply an abstract statement of a rule applicable to any case and not pertinent to any issue peculiar to the case then being tried—as was this request to charge—is a matter of discretion for the court.

101 Oh St 282, Chesrown v Bevier.

103 Oh St 59, Payne, Dir. Gen. v Vance.

114 Oh St 303, Cincinnati Trac. Co. v Kroger.

13 Abs 708, Pletcher v Bodie. (Motion to certify overruled by Supreme Court).

Counsel for plaintiff also calls attention to the rule that, even though the request was properly refused, it was tantamount to calling the court's attention to a pertinent issue in the case. Counsel therefore claims that, since the court failed to charge on the subject at all in the general charge after argument, such failure was error prejudicial to plaintiff.

While it is true that plaintiff made the request before argument and that the court

failed to charge on the subject in the general charge, it is also true that the court, at the close of the general charge, three times asked counsel for the respective parties if there were any further requests or any specific point on which they desired the court to instruct the jury, when counsel for plaintiff replied to the third inquiry as follows: "No, I do not. I think it is very fully covered, as far as I can see, but I want a general exception in case a closer examination might disclose something."

Under this state of the record and an equally well recognized rule that errors of omission will not, as a general rule, be considered as prejudicial unless counsel for the complaining party calls the court's attention to such omissions, or unless an omission pertains to a controlling issue in the case, we find no error prejudicial to plaintiff in the court failing to instruct the jury in the general charge on the matter of the rule stated in the special request, as it had then become purely a matter of omission and not of commission.

It might also be observed in this connection that at the time this request to charge was made—which was during the trial after both parties had rested—there had been no evidence offered to the effect that said Mosley had testified any different in Municipal Court than he had testified in the instant case, and that as matters then stood on the question of whether Mosley broke open the back door, there was merely the testimony of plaintiff and his wife on one side, and of two of the police officers on the other side. (The daughter of plaintiff testified that she knew nothing of the condition of the back door except that the knob of the screen had been broken and that the carpenter fixed it. The testimony of the carpenter was merely that he fixed both the front and back doors.) In that situation the request was as applicable to the testimony of the plaintiffs as it was to the testimony of the defendants, and consequently it could not be said to have been particularly prejudicial to either party as against the other.

Third, it is contended that the court erred in charging §13504 GC, which authorizes an officer, in executing a warrant to arrest a person or in executing a search warrant, when he has been refused admittance, to break open a door or window, by merely reading this section of the Code "without giving the same any construction, and with nothing to limit the number of doors and windows that may be broken to such number as was reasonably necessary."

What the court said following the reading of said §13504 GC is as follows:

"I charge you, members of the jury, that an officer, in making an arrest, has the right to use such force as may be necessary to overcome any resistance to the execution of his office offered by the person to be arrested, but he must use no more force or violence than is reasonably necessary for that purpose; and if he does, he makes himself and his sureties liable upon their bond to the party injured."

While the instruction might have been more complete and the section more fully explained, it is some instruction on the subject of not using more force than is reasonably necessary, which would, of course, include breaking no more doors or windows than is reasonably necessary to gain an effective entrance, and which seems to sufficiently cover the subject, especially in the absence of a request to more fully instruct the jury on it.

Fourth, counsel for plaintiff contends that he is entitled to a new trial on the ground of misconduct of the prevailing party, under paragraph 2 of §11576, GC, and that the evidence rejected at the hearing on the motion for a new trial supported that contention, and that consequently it was error prejudicial to plaintiff to reject the evidence offered to support that contention and overrule the motion for a new trial.

The misconduct complained of is that the defendant Mosley not only deliberately testified falsely in the instant case, but that he also entered into a conspiracy with the defendant McMenamin that he would so testify.

The record clearly shows that both Mosley and McMenamin testified at the trial in the instant case that plaintiff opened the back door of his residence for said Mosley to come into the house at the time they executed the search warrant and arrested plaintiff for the illegal possession of an intoxicating beverage, and that said Mosley further testified, on cross-examination, that he did not kick open said back door of plaintiff's residence at that time, and that he did not testify, at the criminal trial in Municipal Court against plaintiff for the illegal possession of the intoxicating liquor found in plaintiff's cellar at the time of the search, that he kicked open said back door.

No testimony was offered at the trial to contradict Mosley as to what he testified to at said criminal trial against plaintiff when he was convicted of the illegal possession of said intoxicating liquor. The only evidence offered on the hearing of the motion for a new trial, and which the court rejected, was that of the court stenographer at said criminal trial, who, counsel for plaintiff stated, would testify from her stenographic notes that said Mosley testified at said criminal trial that he kicked open the back door of plaintiff's residence at the time of said search and arrest of plaintiff; and counsel for plaintiff read into the record the translation of said stenographer's notes of said Mosley's testimony to the effect that he did so testify at said criminal trial.

There being no other evidence offered, there was no evidence of conspiracy as to anyone, unless it could be said that such inference might be drawn from the mere fact that said Mosley and McMenamin testified as above stated in the instant case, and the offer to show that Mosley testified differently at said criminal trial, which we think is insufficient to sustain the charge of conspiracy.

Under the record in this case, we are of the opinion that it shows a case of newly discovered evidence of a statement against interest, rather than of wilful misconduct of the prevailing party, and that the only question then at issue was whether or not, under paragraph 7 of §11576, GC, plaintiff could with reasonable diligence have discovered such evidence and produced it at the trial.

It is apparent from the record that the court found that the evidence offered was in the nature of newly discovered evidence tending to impeach the credibility of the witness Mosley, rather than misconduct of the prevailing party, and that plaintiff could with reasonable diligence have discovered and produced it at the trial.

Considering the record as a whole, we cannot say that the holding of the court was wrong, or that it was against the weight of the evidence, or that it was error to reject the evidence and overrule the motion for a new trial on this ground of claimed error.

Moreover, under the record in this case, this evidence did not go to the basis of the right of recovery, but only to the amount of recovery, as it was conceded that officer McMenamin broke open the front door.

Judgment affirmed.

WASHBURN, PJ, and STEVENS, J, concur in judgment.