## THOMAS v HEER et

Ohio Appeals, 9th Dist, Summit Co

No 2293. Decided June 5, 1934

Weick, Powers & Mason, Akron, for plaintiff in error.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for defendant in error Benjamin L. Heer.

Lahrmer & Hadley, Akron, for defendant in error The Goodyear Tire & Rubber Co.

## OPINION

By WASHBURN, PJ.

The answers of the defendants did not raise the issue of contributory negligence of plaintiff, and, so far as the record shows, no request was made that the court charge on that subject; and we can find no evidence in the record which reasonably tended to develop the issue of contributory negligence, so as to justify the court in charging thereon.

It is quite apparent that the jury may have been and probably was misled by the introduction into the charge of an issue not raised by the pleadings or evidence in the case, and that such error was prejudicial.

Cincinnati Traction Co. v Forrest, 73 Oh St 1.

Cincinnati Traction Co. v Stephens, Admr., 75 Oh St 171.

Moreover, the charge on contributory negligence was erroneous in several particulars:

The court charged that "It is necessary, in the first instance, that plaintiff shall show he was free from blame and not in fault," which is not the law (Helvie v Ratta, 14 Abs 40).

The court charged that "if contributory negligence is suggested by the plaintiff's own evidence, the burden is upon him to remove and dispel it and show himself blameless to the jury," which again is not the law (Sikora, Admr. v Bauer, 8 Abs 530; Lopa v Smith, 37 Oh Ap 346 (8 Abs 415), which was affirmed in Smith v Lopa, 123 Oh St 213).

"3. Where the court imposes upon an aggrieved litigant a greater burden of proof than the law requires, prejudice will be presumed."

Cleveland Ry. Co. v Goldman, 122 Oh St 73.

See also—

Montanari v Haworth, 108 Oh St 8, at p. 14.

Tresise v Ashdown, 118 Oh St 307.

The errors in the charge that have been thus far pointed out relate more directly to the matter of contributory negligence, and it is argued that the two-issue rule should be applied and that, as there was no error in reference to the issue of negligence of the defendants, the judgment should be affirmed.

We are of the opinion, however, that said rule is not applicable under the circumstances disclosed by the record. As to this question the case is very similar to the case of Tresise v Ashdown, supra, wherein the following language was used:

"It can readily be seen that this very manner of presenting the issues to the jury would have the effect of indicating to the jury an opinion of the court that the circumstances presented a case in which they need not even consider the first and primary issue—the negligence of the defendant. The charge tended to take from the jury the consideration of the issue of defendant's negligence, and the error did not relate merely to the single issue of contributory negligence; hence the doctrine of Sites v Haverstick, 23 Oh St, 626, and subsequent cases based thereon, has no application."

In the instant case the erroneous supplying of the issue of contributory negli-

gence and the erroneous charge on the burden of proof in reference thereto, minimized the issue of negligence of the defendants and must necessarily, it seems to us, have affected the jury in its determination of the latter issue, and if that is a reasonable conclusion, then the two-issue rule is not applicable.

**Nauts v Stahl, Admr., 128 Oh St 115.**

**Scioto Valley Ry. & P. Co. v Rutter, Admrx, 112 Oh St 500.**

**Cowley v Bolander, 120 Oh St 553.**

See also—

**Kolp v Stevens et, 45 Oh Ap 147 (15 Abs 14).**

But the issue of negligence of the defendants was not submitted free from error.

In the part of the charge relating to that issue, the court told the jury that "the plaintiff in this case assumes the burden of proof and must convince you by a preponderance of the evidence that what he claims is true," which again is an erroneous statement of the law.

**Davis v Guarnieri, 45 Oh St 470.**

**B. & O. R. R. Co. v Linn, 77 Oh St 615.**

**Railway Co. v Frye, 80 Oh St 289.**

**Cleveland Ry. Co. v McCoy, 28 Oh Ap 318 (6 Abs 646).**

**Kushinsky v Storck, 7 Abs 630.**

There may be circumstances under which a court would not reverse a judgment for the more or less technical error to which reference has just been made, but that is not the question we are considering; if it constituted reversible error, there would be no point in mentioning the two-issue rule. What we are concerned in is whether the other errors we have mentioned, relating to burden of proof of contributory negligence, are rendered nonprejudicial by the two-issue rule, and here we find that we have an error applying to the issue of negligence which also involves the element of burden of proof, and we are called upon to account for the judgment which may have been caused by either one or all of said errors; as we understand the two-issue rule, it is only applicable when one issue upon which the verdict may have been grounded has been submitted "free from error"; not free from **prejudicial** error, but free from an error, whether technical or otherwise, which, alone or in connection with the errors as to the other issue, might reasonably have influenced the jury in returning a verdict against the complaining party.

As between the plaintiff and the defendant Heer, our conclusion is that there were errors in the charge of the trial court, as hereinbefore pointed out, and that such errors are not rendered nonprejudicial by the two-issue rule, and that, for such errors, the judgment against the plaintiff and in favor of the defendant Heer will be reversed and the cause remanded.

As between the plaintiff and the defendant Goodyear Tire & Rubber Co., a different situation is presented. In order to entitle the plaintiff to present his cause against the rubber company to the jury, it was incumbent upon the plaintiff to offer evidence tending to prove that Mulley, with whose car the defendant Heer's car collided, was at the time an agent of the rubber company and acting within the scope of his employment. It was conceded that he was a policeman employed by said rubber company, and the evidence establishes that his hours of duty were from 3 p. m. until 11 p. m., and that the accident occurred at about 9:30 o'clock in the morning, while Mulloy, the policeman, was driving his car upon a public street in the vicinity of one of the plants of the defendant company.

In an attempt to offer evidence that, at the time of the accident, said policeman was on his way to the plant of said rubber company on business for said company, the plaintiff called said policeman to the stand, and he testified that he was not on duty and was going to said plant not upon any business of the company but was going on purely a personal matter for his own benefit.

Plaintiff, being surprised by such evidence, called said policeman's attention to the testimony which he had given in a deposition in another case involving said collision, and in which it was claimed that he testified that he was on his way to said plant on the business of said company; and when asked whether or not he had so testified in said deposition, he answered that he did not remember, but that the fact was that he was going on his own business and not on any business or service connected with the defendant company.

Thereafter plaintiff, over the objection of defendant rubber company, was permitted to introduce the evidence of the stenographer who took said deposition, to the effect that said policeman testified in said deposition as claimed by plaintiff.

If the evidence as to what the policeman testified to in said deposition was incompetent on the question of whether, at the time of the accident, he was acting for his employer and within the scope of his employment, then there is no evidence in the record tending to prove that he was, at the time, acting within the course of the employment.

During the controversy before the court as to the admissibility of such evidence, the court announced that it was admitted for impeachment purposes and not for the purpose of proving that the policeman was acting within the scope of his employment, and during the argument of counsel for plaintiff, when there was an objection made, the court announced that he had instructed the jury that such evidence "was to be used only for the purpose of impeaching the testimony of Mulley and for no other purpose; not to in any way relate to the agency." It is the contention of plaintiff that the court erred in so limiting said evidence.

We hold that the court did not err in that respect, but that the court did err in admitting the evidence of the stenographer as to what the policeman testified to in the taking of said deposition. The plaintiff being taken by surprise by the unexpected and unfavorable testimony of said policeman, had the right to interrogate him in respect to statements made by him in said deposition which were inconsistent with his testimony, but only for the purpose of refreshing his recollection and inducing him to correct his testimony or explain his apparent inconsistency, but when he denied making such statements in his deposition, or when his answers with reference thereto were ambiguous, it was not competent for the plaintiff, who had called him as a witness, to prove by the stenographer that he had made such statements in his deposition.

**Hurley v State, 46 Oh St 320.**

Said evidence being incompetent, there was no evidence tending to prove that the policeman was at the time of the accident engaged in the business of the defendant rubber company and acting within the scope of his employment, and therefore the motion of the defendant rubber company, made at the close of all the evidence, for a directed verdict in its favor, should have been granted; and if the judgment had been against said rubber company, it would be the duty of this court to reverse the same and enter the judgment which the trial court should have rendered in favor of said rubber company and against the plaintiff; but the jury having found in favor of the defendant rubber company, and a judgment having been rendered upon said verdict, the judgment of the trial court in favor of said rubber company and against the plaintiff is affirmed.

Judgment in favor of rubber company

affirmed, and judgment in favor of Heer reversed, and the cause remanded.

FUNK and STEVENS, JJ, concur in judgment.