## MICHALSKY v GAERTNER

Ohio Appeals, 9th Dist, Summit Co

No 2532. Decided May 3, 1935

Ralph L. Kryder, Akron, and Sheck & Marsteller, Akron, for plaintiff in error.

Amer, Sophrin & Cunningham, Akron, and C. G. Wise, Akron, for defendant in error.

## OPINION

**By WASHBURN, J.**

The record discloses that the plaintiff, at the time and before the accident, was sickly, that he was behind in his school work, that he was slow mentally and also in his physical movements, and that he was 9 years of age and rather small for a boy of his age.

The evidence, as shown by the record, is such as to fully justify the conclusion that a part of the defendant's car was on the left, or east, side of the center of the street, and that plaintiff was struck just as he was passing the left end of defendant's bumper, and that plaintiff's body came to rest within a few feet of the east curb of the street, and that no horn was sounded by the defendant; but there was a conflict in the evidence as to the exact location of the two parked cars and as to how near to them the plaintiff started to cross the street, and as to the speed at which the automobile was being driven by the defendant, and as to whether the plaintiff ran or walked while attempting to cross the street, and as to just how far past the center of the street plaintiff was at the time he was struck.

Whether the defendant, by the exercise of ordinary care, should have seen plaintiff and avoided striking him, was an issue as to which reasonable minds might reasonably have reached different conclusions; and whether plaintiff's conduct constituted negligence which proximately caused or contributed to cause his injuries, was an issue as to which reasonable minds might reasonably have reached different conclusions.

To induce the jury to decide both of said issues in his favor, the defendant, by special requests, persuaded the court to charge the jury before argument as follows:

"VI. You are instructed that by the law of the state of Ohio, the plaintiff was required to look in both directions, that is, to his right and to his left, before stepping into or upon Portage Path, and if the plaintiff failed to do so, he was negligent, and if such negligence directly and proximately caused or contributed in any degree to said collision, and his damage, then he cannot recover and your verdict must be for the defendant."

"VIII. It is the law that the defendant, driving south on Portage Path, on August 28, 1932, had the right to assume that no child would run into and attempt to cross Portage Path except in the exercise of that care which an ordinary prudent child of the same capacity as the plaintiff to appreciate and avoid danger would use in the same situation, and if the plaintiff, without using such care, ran into said street then he was negligent, and if such negligence directly or proximately caused or contributed in any degree to said collision, then plaintiff cannot recover and your verdict must be for the defendant."

It was error to give said request No. VI, because a 9-year-old child is not chargeable as a matter of law, with the same consequences as to negligence for the violation of a statute as an adult is; and second, the direct evidence was that he obeyed the law, and there was no direct evidence that he did not, and such inference of failure to look as there was would not justify the giving of such charge, even if it could ever be proper to charge that a 9-year-old child was negligent as a matter of law because he violated a statute.

Such error was not cured by what was said on the subject in the general charge of the court.

The negligence as a matter of law which arises from a violation of a statute, cannot properly be made to depend upon whether such statute is usually obeyed or violated, or upon whether the violator did or did not intend to violate the statute, and therefore the error in charging, before argument, that a small child who violates a statute is negligent as a matter of law, is not cured by qualifying such charge in the general charge by saying that if careful and prudent persons of the same age, education and experience as said child did not customarily obey and observe said statute, then its violation would not constitute negligence as a matter of law.

It was misleading to give said request No. VIII, because to say that the defendant had the "right to assume that no child would run into and attempt to cross" said street without exercising the care of an ordinary prudent child of plaintiff's age, is to plainly convey the idea that defendant

could drive along said street without taking any care or precaution not to injure a child who should go upon the street without using due care for a child of his age; and it was erroneous in that it plainly told the jury that the defendant, while driving along said street, need not recognize and anticipate the obvious fact that children are very liable to enter streets without exercising any care whatsoever.

The law made it the duty of the defendant, in driving along said street, to use such care as persons of ordinary care and prudence usually exercise under the same or similar circumstances, and it was the province of the jury to determine whether, in driving along a street, persons of ordinary care and prudence usually just assume that no child will enter the street without using any care, or whether they anticipate that such a thing might happen and drive accordingly.

By giving said request No. VIII, the judge decided that question as a matter of law, and thereby usurped the functions of the jury.

Such a charge was doubly prejudicial, because it followed so closely the giving of request No. VI, wherein the jury was told that this 9-year-old child was negligent as a matter of law if he entered said street without first looking to his right and to his left.

Together said charges constituted error, both as to the issue of the negligence of the defendant, and the issue of the contributory negligence of the plaintiff, and the two-issue rule has no application.

"The two-issue rule may not be invoked to render nonprejudicial an error of the trial court in the submission to the jury of one issue, when, in the submission of another issue which might be the basis of the verdict, there was error, whether technical or otherwise, which, alone or in connection with the error as to the first issue, might reasonably have influenced the jury in returning the verdict against the complaining party."

**Thomas v Heer et, 17 Abs 201.**

We are of the opinion that such errors were not cured by what the judge said in the general charge, and we think that such a conclusion is fully justified by a consideration of the evidence in the case, all of which, except the medical testimony, we have carefully read and considered.

As to defendant's special request No. II, which was given. wherein the court told the jury that "there is but one just conclusion and verdict for the jury to arrive at

and return in this case," etc., it was not error for the court to give said charge.

**Thompson, Admrx., v Goodyear Tire & Rubber Co., 13 Abs 615.**

But it would not have been error for the court to have refused it. The request contained simply an abstract statement which might be applicable in any case, and it did not contain a proposition of law pertinent to any particular issue of the case within the meaning of §11447, GC, and the giving or refusing to give such an instruction is a matter of discretion with the trial court.

**Pletcher v Bodle, Admr., et, 13 Abs 708.**

See also **Karras v Mosley et, 16 Abs 116.**

We are also of the opinion that defendant's special request No. III does not, strictly speakng, relate to the law of the case, but is a rule prescribed for the conduct and deliberations of the jury, irrespective of any particular issues being tried, and is therefore subject to the same observations as have been made in reference to defendant's spcial request No. II; and it seems to us that it was never intended that §11447, GC, should apply to such general cautionary instructions, thus making it reversible error to refuse to give such instructions before argument.

While defendant's special request No. VII is a correct statement of the law, the court would have been justified in refusing to give the same, because the subject of the same had been sufficiently covered in defendant's special request No. V, already given.

Where separate special requests are drawn so as to embrace separate parts of conduct, the whole of which is claimed to constitute negligence or contributory negligence, the giving of all of them may, by repetition, so emphasize such conduct as to be unfair; and where the court has given a request which applies to such conduct as a whole, it is not error to refuse to give such other separate requests.

The court would also have been justified in refusing to give defendant's special request No. XI, for the reason that nine-tenths of the same was covered by defendant's special request No. I, which had been given, and it was unfair to plaintiff to repeat the nine-tenths contained in request No. I, merely in order to charge on the one-tenth new matter contained in request No. XI.

For error in giving defendant's special requests Nos. VI and VIII, the judgment is reversed, and the cause remanded.

FUNK, PJ, and STEVENS, J, concur in judgment.