CARTER, Plaintiff-Appellant, v. CUMMINS, Defendant-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5535.   Decided April 2, 1957.

Smith, Clark & Holzapfel, John E. Holzapfel, of Counsel, Columbus, for plaintiff-appellant.

Robins, Metcalf & Alton, Jack R. Alton, of Counsel, Columbus, for defendant-appellee.

(HORNBECK, PJ, of the Second District, FESS and DEEDS, JJ, of the Sixth District, sitting by designation in the Tenth District.)

## OPINION
By DEEDS, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Franklin County entered upon the verdict of a jury in favor of defendant-appellee.

The parties will be referred to herein as plaintiff and defendant respectively, as they appeared in the Court of Common Pleas.

Plaintiff has presented assignments of error as follows:

"1. Said Court erred in overruling the motion of appellant for a new trial.

"2. Said Court erred in its charge to the jury on the trial of such action.

"3. Said Court erred in giving the jury before argument the written instructions so presented and requested by appellee and in refusing to give the written instructions requested by the plaintiff-appellant.

"4. Said Court erred in the rejection of evidence offered by the appellant.

"5. The judgment rendered is against the manifest weight of the evidence.

"6. The verdict is contrary to law and the evidence.

"7. For other errors of law appearing during the progress of the trial and apparent on the face of the record."

The action was commenced by the plaintiff to recover damages for claimed personal injuries as the result of an automobile collision, occurring near the intersection of North High Street and New England Street in the Village of Worthington, on October 17, 1953. The plaintiff's amended petition charged negligence against defendant as follows:

"1. Defendant did not keep a lookout ahead.

"2. Defendant failed to yield the right-of-way to plaintiff, in that the defendant entered said highway from said private driveway, striking the vehicle being operated by the plaintiff in said public street."

The answer of the defendant, omitting the prayer, is as follows:

"Now comes the defendant, Charles J. Cummins, and for his answer to the petition of the plaintiff filed herein, denies each and every allegation therein contained not herein specifically admitted to be true."

The evidence in the record discloses that plaintiff was operating an automobile in a westerly direction on New England Street at a rate of speed of about 15 miles an hour; that when plaintiff's automobile had reached a point in said street not more than about 25 feet from the intersection at High Street, the defendant operated his automobile at about 5 miles an hour in a northerly direction, from a private driveway of a gasoline service station located on the southeasterly corner of the street intersection, into collision with the left-hand side of plaintiff's automobile.

The evidence discloses further that the intersection of High and New England Streets was equipped with electric-controlled traffic signals; that it was a bright, clear day and there were no obstructions to the view of either driver, although neither driver saw the automobile of the other until almost the instant of the impact.

It was admitted by the defendant in his testimony on the trial of the case in the Court of Common Pleas that defendant operated his automobile into the northerly portion of New England Street where the collision occurred. There is also testimony by the plaintiff that immediately following the collision she operated her automobile from the center of New England Street and that she was watching the traffic signals at High Street as her automobile approached the intersection and that she did not see defendant's automobile until it was about to collide with plaintiff's automobile.

The principal errors urged on this appeal consist of failure to charge the jury as requested by plaintiff in advance of the argument of counsel, the giving of certain instructions as requested by defendant and also the general charge of the court to the jury.

Plaintiff requested the court to instruct the jury in advance of the argument of counsel:

## SPECIAL INSTRUCTION.

"I charge you Ladies and Gentlemen of the Jury that the plaintiff, Juanita Carter had the right to assume the observance of the law and the exercise of ordinary care by the defendant, Charles J. Cummins, and action by Juanita Carter in accordance with such assumption in the absence of notice or knowledge to the contrary is not negligence."

We are in accord with the ruling of the trial court in refusing to give the foregoing instruction for the reason that such instruction was an abstract statement of law, incomplete when considered in relation to issues and evidence and the instruction was therefore refused without prejudice to the plaintiff.

At the request of counsel for the defendant, the trial court instructed the jury in advance of the argument of counsel:

## SPECIAL INSTRUCTION NO. 1.

"I charge you Members of the Jury, that if you find the plaintiff, Juanita Carter, as she was proceeding west on New England Street did not use her senses of sight or such care for her own safety as a reasonably prudent person would have done under the same or similar circumstances, then the plaintiff, Juanita Carter, was negligent, and if you further find that the plaintiff's own negligence directly caused or contributed in the slightest degree to cause the injuries and damages complained of, your verdict must be for the defendant."

## SPECIAL INSTRUCTION NO. 3.

"I charge you, Members of the Jury, that before you can return a verdict in favor of the plaintiff, you must find that the negligence of the defendant was the proximate cause of the injuries and damages alleged by the plaintiff.

"If you find that the negligence of the defendant was a remote cause and not the proximate cause of said injuries and damages, then your verdict must be for the defendant.

" 'Proximate cause' means the nearest cause, not necessarily nearest in point of time or space, but nearest in causation—the direct cause—that cause without the existence of which the injuries would not have occurred. The proximate cause of a result is that which, in a natural and continuous sequence, unbroken by any new cause, produces an event, and without which the event would not have occurred."

In the general charge of the court, the jury was instructed in reference to the defense of contributory negligence, in part as follows:

"Now you will note that I have used the term 'contributory negligence.' By contributory negligence is meant that negligence of the plaintiff which combines with or unites with proximately and directly with the negligence of the defendant, to produce the occurrence and the act and things complained of, to wit, the injuries complained of in this case. If, the negligence of the plaintiff directly and proximately contributed, with the negligence of the defendant, to produce the occurrence and resulting injuries, the plaintiff's right to recovery would be defeated, because the law, as far as this State is concerned, does not undertake to compare negligence of the plaintiff and negligence of the defendant. I further instruct you that if, in the introduction of evidence on behalf

of the plaintiff, there arose an inference that the plaintiff was negligent, which in any degree directly and proximately contributed to produce the occurrence and resulting injuries to her, if any, then it is the duty of the plaintiff to counterbalance that inference and her failure to do so would defeat her right to recovery."

We are impressed by a consideration of all the evidence in the record that there was slight justification or basis in the evidence for a charge or instructions to the jury on the defense of contributory negligence.

In view, however, of the testimony to the effect that the plaintiff did not see defendant's automobile until almost the instant of the collision and also the testimony of the plaintiff that she operated her automobile from the center of the street immediately following the collision, we are unable to say that the issue was not raised by the evidence and we do not find that it was error for the trial court to charge the jury respecting that defense.

We do not approve defendant's special instruction Number 1, quoted above, as given by the trial court. **Laws v. Vance, 100 Oh Ap 255,** 136 N. E. 2nd, 134.

Nevertheless, for reasons which will appear later in this opinion, we do not find that the giving of the instruction would, standing alone, constitute error which would justify a reversal of the judgment.

We do find, however, that the instructions of the trial court in reference to the defense of contributory negligence were incomplete, in that the court failed in its general charge to place the burden of proof respecting that issue upon the defendant.

We consider that the established rule of law applicable to the defense of contributory negligence under the circumstances as presented by the record before us is stated in the opinion in **Tresize v. Ashdown, 118 Oh St 307,** 160 N. E. 898, 58 A. L. R., 1476, at **p. 316 of 118 Oh St.:**

"It has long been established in this state that, if the plaintiff's evidence shows an injury by defendant's negligence, and does not raise an implication that his own negligence contributed thereto, the burden of proving such contributory negligence as will defeat a recovery rests upon the defendant, and that burden must be sustained by a preponderance of the evidence. However, if plaintiff's own testimony raises a presumption of contributory negligence upon his part, the burden of proof does not shift, and he is not required to remove such presumption by a preponderance of the evidence, but is only required to furnish such proof as is sufficient merely to equal or counterbalance the evidence tending to show contributory negligence on his part. **B. & O. Rd. Co. v. Whitacre, 35 Oh St 627; Columbus Ry. Co. v. Ritter, 67 Oh St 53,** 65 N. E., 613; **Klunk v. Hocking Valley Rd. Co., 74 Oh St 125;** 77 N. E. 752; **Maddex v. Columber, 114 Oh St 178,** 151 N. E., 56; Toledo, St. L. & W. R. R. v. Star Flouring Mills Co., 146 F. 953, 77 C. C. A. 203."

See 2nd paragraph of syllabus in **The Rayland Coal Company v. McFadden, Admr., 90 Oh St 183,** 107 N. E. 330.

See also **Bradley v. The Cleveland Ry. Co., 112 Oh St 35,** at **p. 38.**

Also applicable in our view is the syllabus in **Smith v. Lopa, 123 Oh St 213,** 174 N. E. 735:

"Where a plaintiff's right of action is based upon negligence of the

defendant, and contributory negligence is an issue in the case, it is the duty of the trial judge to charge the jury that, if the evidence offered in support of the plaintiff's claim gives rise to a reasonable inference or presumption that the plaintiff's own negligence contributed proximately in the production of the injury which is the basis of his action, then the plaintiff, in order to recover, must as a part of his case in chief produce evidence sufficient to equal or dispel the inference or presumption. But in such case the plaintiff is not obliged to remove the inference or presumption by a preponderance of the evidence. The plaintiff is of course entitled to the benefit of any evidence that may be produced by the defense tending to dispel the inference or presumption that has arisen against the plaintiff from the plaintiff's own evidence."

See also **Valencic v. The Akron & Barberton Belt Rd. Co., 133 Oh St 287, 13 N. E. 2d, 240.**

While not necessary to be determined, we are of the opinion that it is not clear that the two-issue rule would be applicable and would therefore be available to the defendant. **Thomas v. Heer et al, 17 Abs 201; Stemper v. Campbell, 155 Oh St 1, 97 N. E. 2nd, 25.**

It is our conclusion that the errors in the instructions to the jury were not prejudicial to the rights of the plaintiff for the reason that we are unable to find any substantial evidence of probative value contained in the record, which tends to establish the causal relation between the collision and the injuries which plaintiff contends she sustained as a result of the collision.

There is no evidence in the record that plaintiff was wrenched or sprained at the instant of the collision; nor is there any evidence that plaintiff was struck a blow or that any part of her anatomy was brought into collision with any part of the automobile or any other physical object.

Neither is there any testimony by the plaintiff or any other evidence which tends to show that plaintiff was swayed or moved from her position in the automobile as a result of the impact or that any physical contact was made by plaintiff, which could result in physical trauma or injury.

In other words, there is no factual evidence tending to establish that plaintiff sustained trauma or physical injury as a direct result of the collision.

We do find medical testimony in the record tending to show that plaintiff has suffered pain and disability, but in our view that testimony is not available for the purpose of showing that plaintiff sustained physical trauma or injury as a direct result of the collision.

In our view, it was incumbent upon the plaintiff to testify or produce evidence which would tend to prove the manner in which she was wrenched or sprained and if she was thrown or moved from her position by the impact and sustained external injury by a blow or collision with some object, those facts should have been produced in the evidence.

It is our view, therefore, that the question of how or in what manner plaintiff sustained external injury or physical trauma is left to surmise and conjecture and that therefore there is no evidence tending

to establish a direct causal connection between the collision and plaintiff's injuries.

Finding no error prejudicial to plaintiff, the judgment of the Court of Common Pleas is affirmed.

HORNBECK, PJ, FESS, J, concur.