# ARBUCKLE v. WASATCH LAND & IMPROVEMENT CO. et al.

No. 7519.  Decided August 9, 1951.  (234 P. 2d 607.)

See 63 C. J. S., Municipal Corporations, sec. 861. Violation of law as negligence per se, 39 Am. Jur., Negligence, secs. 153 et seq.; 132 A. L. R. 863.

*Evans, Neslen, Mangum & Morris* and *Robert S. Spooner*, all of Salt Lake City, for appellants.

*Brigham E. Roberts, Dwight L. King*, Salt Lake City, for respondent.

WADE, Justice.

Harold Wayne Arbuckle, a minor and respondent herein, brought this action through his guardian ad litem for in-

juries sustained by him when he was catapulted from a bicycle he was riding when it hit a wooden peg. He alleged such peg was placed by Wasatch Land & Improvement Company and Phil Richards, its employee, appellants herein, flush with a sidewalk intersecting a street. This appeal is from a jury verdict and judgment thereon in favor of respondent.

Appellants contend that respondent's complaint failed to state a cause of action because even if they had placed the peg into which respondent drove his bicycle, this did not constitute negligence or a public nuisance and also because he was wrongfully riding a bicycle on a sidewalk at the time of the accident.

The complaint alleged in substance that the Wasatch Land & Improvement Company was the owner of the land on the northwest corner of Melbourne Avenue and 33rd South Street on which it was constructing a building and that appellants had placed a wooden peg or stake which protruded approximately three inches above the surface at the north edge of the sidewalk where it intersected with Melbourne Avenue. That this peg or stake was the same color as the ground in which it was driven and was surrounded by weeds so that its visibility was obscured to persons using the sidewalk, thus creating a stumbling hazard. That the place where the stake was driven is a public right of way and that the morning when respondent herein was crossing Melbourne Avenue to enter the sidewalk his bicycle on which he was riding struck this peg or stake and he was thrown and injured.

It is appellants' contention that not all obstacles placed in a public right of way by abutting owners are public nuisances nor does the placing of such obstacles constitute negligence. That in order for an obstacle which is placed in a public right of way to be a public nuisance, it must be inherently dangerous and that such placement is not negligence unless it is foreseeable that a

person lawfully using such right of way would be injured by the obstruction. Appellants argue that a reasonably prudent person could not foresee that the placing of the peg at the northeast corner of the sidewalk as alleged in the complaint would cause injury to a pedestrian lawfully using such sidewalk and that they owed no duty to keep the sidewalk in a safe condition for persons unlawfully using it for the purpose of riding bicycles. We are of the opinion that the complaint and the evidence are sufficient to sustain a finding of negligence on the part of the appellants and therefore it is immaterial whether the complaint also states a cause of action on the ground of nuisance.

The allegation that the peg was placed where the sidewalk intersects with a street, and in such a condition or manner that it was not readily visible to persons who may be using that sidewalk is a sufficient allegation of negligence or of an unreasonable act to state a cause of action. For, under such allegations, evidence would be admissible from which the trier of the facts could find that a reasonably prudent or careful person using the sidewalk might stumble over or run into such peg and thereby be injured. Section 36-1-19, U. C. A. 1943, which provides that:

> "It shall be unlawful to drive or place any vehicle, animal or other thing upon or along any sidewalk except in crossing such sidewalk to or from abutting property, or to permit the same to remain on or across any sidewalk in a way to impede or obstruct the ordinary use thereof; * * *"

prohibits a person from riding a bicycle on a sidewalk, still respondent is not thereby precluded from recovery. The mere fact that respondent was unlawfully riding his bicycle on the sidewalk does not relieve appellants from liability to respond in damages for injuries sustained as a result of their negligence. The test still is whether appellants could reasonably foresee that respondent or others

using the sidewalk might run into the peg and be injured thereby.

It is argued that if respondent was unlawfullyy using the sidewalk he was guilty of contributory negligence per se. But it is only where the statutory provision was made to protect the person injured that the violator thereof is negligent per se. See *Hackert* v. *Prescott,* 165 Minn. 134, 205 N. W. 893, wherein a similar argument was made by the defendant who had injured a boy who he contended was unlawfully riding a bicycle on a sidewalk and the court there said:

"* * * It cannot be said as a matter of law that the boy was guilty of contributory negligence. [He] does not belong to that class of persons for whose benefit the ordinance was enacted. It was to protect pedestrians. * * *"

Here also the statute was not made to protect a person riding his bicycle on the sidewalk from injury but to protect pedestrians and others using it from injury and inconvenience. Such being the case, it was still a jury question whether respondent was using due care for his own safety, which the jury has answered in his favor.

Appellants further contend that the evidence failed to show that the peg into which respondent drove his bicycle was placed there by them. Appellants denied that they placed a peg at the north side of the sidewalk where it intersected with Mebourne Avenue. There was evidence that some years prior to the spring of 1946 a survey had been made for a cement ditch and stakes placed in the right of way; however, in the spring of 1949 there were no stakes there until a short time before excavation work was commenced by appellants on their property and at that time two stakes were placed in the right of way, one at the intersection of 33rd South and Melbourne Avenue and the other about three feet west of it. Appellants admit placing a stake three feet west of the one into which respondent rode his bicycle, but denied that they placed the one three

feet east of it. None of plaintiff's witnesses saw who placed the stakes there. Mr. Richards, one of the appellants herein, testified that about the 1st of May, 1949, he made a survey of the property line of the land belonging to the Wasatch Land & Improvement Company preliminary to the commencement of the construction of the duplex which was subsequently built there, and at that time he placed a peg three feet west of the northeast corner of the sidewalk, but did not place one at the corner. That at no time did he see a peg at that corner. A witness for plaintiff testified, however, that one afternoon in the spring of 1949 he saw for the first time the two stakes there and that prior to that day there had been no stakes there.

Appellants argue that to find from such evidence that the stake in question was placed by them is mere conjecture and speculation and insufficient for a jury to find such a fact. We cannot agree with this argument. The stakes or pegs were first seen by a disinterested witness at a time immediately prior to the time he saw building activities begin. They were the kind of stakes or pegs which might be used as markers for boundary lines in a survey. Appellants admitted making a survey of their land and using pegs for markers just prior to starting construction activities. There was testimony that there were no stakes or pegs there before that time. The jury could reasonably find that both pegs were placed there by appellants when the survey was made. As stated by the Court of Appeals of Maryland in the case of *Mayor and City Council of Baltimore* v. *Leonard,* 129 Md. 621, 99 A. 891, on page 893, where a similar contention was made as in the instant case:

"It does contend, however, that there has been no evidence offered tending to show that it was responsible for the placing of the stake. We cannot agree with this contention; for from the recital of the testimony as above it is apparent that the fact is fairly deducible from the evidence that the stake was placed as it was in the prosecution of the appellant's work. There is the positive testimony that the

road at this point had been dug out up to the curb line, and the company was preparing to lay the curb, and had already laid the forms and had the material for the paving already on the ground. There was testimony that this stake was the kind of stake used in this character of work for getting lines for curbing and grading. *It is not to be supposed, in a case of this character, that it would be probable that a party could secure positive evidence that the stake had been actually driven by the contractor or his agents, and it would be too hard a rule of law to so require. But when it is taken into consideration that the work for which such an instrument would be used is in course of prosecution, it seems to us to be a fair inference, in the light of all the facts, that the paving company was responsible for the placing of this obstruction.* \* \* \*" (Italics ours.)

Appellants make other contentions which we have carefully considered but find no error.

Affirmed. Costs to respondent.

WOLFE, C. J., and McDONOUGH and CROCKETT, JJ., concur.

HENRIOD, J., not participating.